HAWAI'I DISABILITY RIGHTS CENTER

WINSTON D.M. LING      5217
LOUIS ERTESCHIK        5241
MATTHEW C. BASSETT     6443
900 Fort Street, Suite 1040
Honolulu, Hawai'i 96813
Telephone:  (808) 949-2922
Facsimile:  (808) 949-2928
E-mail:     winston@hawaiidisabilityrights.org

Attorneys for Plaintiff
HAWAI'I DISABILITY RIGHTS CENTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 09 2006

at 12 o'clock and 40 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAI'I DISABILITY RIGHTS CENTER, a Hawai'i corporation; | CIVIL NO. CV06 00605 DAE BMK |
| Plaintiff, | |
| vs. | |
| SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for the Retarded, Inc.; and OPPORTUNITIES FOR THE RETARDED, INC., a Hawai'i corporation; | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL; SUMMONS** |
| Defendants. | |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. Plaintiff HAWAI'I DISABILITY RIGHTS CENTER ("HDRC") brings this action to compel Defendants to provide the names and addresses of the legal guardians, conservators, or other legal representatives of clients who are provided services by Defendant Corporation OPPORTUNITIES FOR THE RETARDED, INC. ("ORI") to HDRC, in order for HDRC to access records of ORI clients to effectively investigate alleged abuse and neglect.

2. Federal Protection and Advocacy (P&A) statutes, including but not limited to the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §§ 15043 (a)(2)(H)-(I), provide HDRC with broad investigatory authority, including access to certain records. The DD Act authorizes HDRC, as a P&A system, to investigate incidents of abuse or neglect of individuals when it receives complaints or determines that there is probable cause to believe that individuals have been, or may be, subject to abuse or neglect. 42 U.S.C. § 15043(a)(2)(B); 45 C.F.R. § 1386.22.

3. The DD Act permits HDRC to have access to an individual's records upon the consent of the individual or his or her guardian and in certain emergency situations. 42 U.S.C. § 15043(a)(2); 42 C.F.R. § 1386.22.

4. Pursuant to the DD Act, HDRC, as Hawaii's designated protection and advocacy system, is entitled to information regarding the names and addresses of the legal guardians, conservators, or other legal representatives of ORI clients, upon being denied access to records of ORI clients for alleged lack of authorization to disclose the requested records. 45 C.F.R. § 1386.22(i).

5. Pursuant to the Settlement Agreement and Access Protocol between ORI and HDRC in a prior case (HDRC v. Cheung, et al., U.S.D.C. Hawai'i Civil No. 05-00557 DAE-LEK), HDRC is entitled to access ORI facilities, records and clients pursuant to its federal mandate. *See* SETTLEMENT AGREEMENT, attached as Exhibit "A" to Plaintiff's Motion for Preliminary Injunction, filed contemporaneously on this date.

## II. JURISDICTION

6. This Court has jurisdiction over the parties and claims pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4). This Court is authorized to order the requested relief by these statutes and by 28 U.S.C. §§ 2201 and 2202.

7. Any and all state law claims contained herein arise from a common nucleus of operative facts to form part of the same case or controversy, and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## III. VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), since all Defendants reside and/or maintain its place of business in the District of Hawai'i.

## IV. PARTIES

9. Plaintiff HAWAI'I DISABILITY RIGHTS CENTER, a Hawai'i corporation, is the state's designated protection and advocacy system that is charged with protecting the civil rights of people with developmental disabilities, pursuant to the federal DD Act and other P&A statutes.

10. Defendant SUSANNA F. CHEUNG ("CHEUNG") is sued in her official capacity as the President and Chief Executive Officer of Defendant Corporation OPPORTUNITIES FOR THE RETARDED, INC. She is responsible for the management of the corporation and its subdivisions, and ensuring full compliance with state and federal laws.

11. At all relevant times, Individual Defendant CHEUNG knew of, or should have known of, the policies, practices, acts and conditions alleged.

12. Defendant OPPORTUNITIES FOR THE RETARDED, INC. ("ORI"), a Hawai'i corporation, is a provider of adult day programs, educational, residential, and vocational services to individuals with developmental disabilities. ORI is sued as an entity that operates various business subdivisions, including

4

Helemano Village, a residential facility for persons with developmental disabilities, and as a provider of Home and Community Based Services in the State of Hawai'i.

## BACKGROUND AND FACTS

13. HDRC is congressionally mandated to investigate allegations of abuse and neglect at public and private institutions (including ORI) as part of its advocacy for the rights of people with disabilities who work and reside in those institutions. 42 U.S.C. § 15043.

14. ORI is a provider of adult day programs, including but not limited to educational, residential, and vocational services for individuals with developmental disabilities.

15. ORI is a "facility" as that term is defined under the DD Act. 45 C.F.R. § 1386.19.

16. ORI is a facility that is subject to the investigative authority of HDRC. 42 U.S.C. § 15043; 45 C.F.R. §§ 1386.19 and 1386.22.

17. HDRC filed a Complaint for Declaratory and Injunctive Relief on August 25, 2005, alleging violations of the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.*, and supplemental jurisdictional claims under Hawai'i Revised Statutes, H.R.S. § 333F-8.5. HDRC v. Cheung, et

al., U.S.D.C. Hawai'i Civil No. 05-00557 DAE-LEK (dismissed with prejudice by the Court on June 5, 2006).

18. On or about June 7, 2006, the parties in <u>HDRC v. Cheung, et al.</u>, <u>Id.</u>, entered into a Settlement Agreement ("Agreement") whereby Defendant ORI agreed to allow HDRC access to its facilities, records, and clients pursuant to the terms and conditions described in an Access Protocol ("Protocol") attached to the Agreement. Exh. "A", <u>Pl. Mot. for Prel. Inj.</u>

19. Paragraph C(2)(c) of the Protocol provides that HDRC may have access to records at ORI without the written consent of:

> c. Any person who has a legal guardian, conservator, or other legal representative with respect to whom a complaint has been received by HDRC, or with respect to whom HDRC has determined that probable cause exists to believe that the person has been subjected to abuse or neglect, whenever all of the conditions exist:
>
> i. HDRC has contacted the representative upon receipt of the representative's name and address;
>
> ii. HDRC has offered assistance to the representative to resolve the situation; and
>
> iii. The representative has failed or refused to act on behalf of the person.

20. On or about August 24, 2006, HDRC received a complaint that alleged that clients of ORI are being subjected to system-wide and individual abuse and neglect. Allegations included mismanagement of client funds, theft, fraud,

misapplication of medications, verbal abuse of clients, and concealment of records and files of clients from HDRC's regular monitoring activities.

21. On or about August 28, 2006, HDRC provided a written notice to ORI, by and through Defendant CHEUNG, that it had received a complaint concerning alleged abuse and neglect of clients at ORI, and requested to review the individual records of each client presently served by ORI, including residents and adult day program participants. Exhs. "C" and "D", Pl. Mot. for Prel. Inj.

22. In response, ORI, by and through Defendant CHEUNG, denied HDRC's request and failed to promptly provide to HDRC the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, as required by law. 42 C.F.R. § 1386.22(i), *see also* Exh. "B", Pl. Mot. for Prel. Inj.

23. The DD Act regulation requires that if a protection and advocacy system is denied access to records covered by the DD Act, it shall be promptly provided with a written statement of reasons, including in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities. 45 C.F.R. § 1386.22(i).

24. In three separate written letters dated September 1, 2006, September 13, 2006, and September 22, 2006, HDRC informed ORI, by and through Defendant CHEUNG, of its obligation under the DD Act and requested that ORI

provide the names and contact information for the legal guardians of clients serviced by ORI. Exhs. "D", "E", and "F", Pl. Mot. for Prel. Inj.

25. Upon each written request, ORI, by and through Defendant CHEUNG, has refused to provide HDRC with the required and necessary information for HDRC to contact the legal guardians, conservators, or other legal representatives of ORI clients, in order to request their consent to access individual records. Exhs. "G" and "H", Pl. Mot. for Prel. Inj.

26. ORI's refusal, by and through Defendant CHEUNG, to provide the required and necessary contact information breaches its obligations under the Agreement in HDRC v. Cheung, et al. See Agreement at ¶1, and final paragraph of Protocol at Exh. "A", Pl. Mot. for Prel. Inj.

27. In order to fulfill its congressional mandate to protect and advocate for persons with developmental disabilities and mental illness, HDRC has the authority to pursue legal remedies. 42 U.S.C. § 15043.

## FIRST CLAIM

28. The allegations in paragraphs 1 through 27 of this Complaint are incorporated and re-alleged as though fully set forth herein.

29. Individually and collectively, the Defendants' refusal to provide contact information results in the denial of access to records pursuant to an

investigation of alleged abuse and neglect, which violates HDRC's access authority under the DD Act. 42 U.S.C. §§ 15043(a)(2)(I)(iii), 45 C.F.R. § 1386.22(a)(3).

## SECOND CLAIM

30. The allegations in paragraphs 1 through 29 of this Complaint are incorporated and re-alleged as though fully set forth herein.

31. Individually and collectively, the Defendants' refusal to provide contact information regarding the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients is a violation of DD Act regulation 45 C.F.R. § 1386.22(i).

## THIRD CLAIM

32. The allegations in paragraphs 1 through 31 of this Complaint are incorporated and re-alleged as though fully set forth herein.

33. Individually and collectively, the Defendants' refusal to provide contact information results in the denial of access to records for the purpose of investigating suspected abuse and neglect, which is a breach of Paragraph 1 of the Agreement. Exh. "A", Pl. Mot. for Prel. Inj.

34. Individually and collectively, the Defendants' refusal to provide information on the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, for the purpose of investigating suspected

9

abuse and neglect, is a breach of the Agreement between HDRC and ORI. ¶1, Agreement, and final ¶ of Protocol, both at Exh. "A", <u>Pl. Mot. for Prel. Inj.</u>

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Assume jurisdiction over this matter.

B.  Declare that Defendants' conduct violates the DD Act.

C.  Declare that Defendants' conduct breached the Settlement Agreement between the parties in <u>HDRC v. Cheung, et al.</u>, *supra*.

D.  Order Defendants to provide HDRC with the names and addresses of the legal guardians, conservators, or other legal representatives of all clients presently being served by ORI, including residents and adult day program participants.

E.  Award to Plaintiff its costs and reasonable attorneys' fees.

F.  For such other relief as this Court deems just, equitable and appropriate.

DATED: Honolulu, Hawai'i, November 9, 2006.

_____
WINSTON D.M. LING
LOUIS ERTESCHIK
MATTHEW C. BASSETT

Attorneys for Plaintiff
HAWAI'I DISABILITY RIGHTS CENTER