IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAI'I DISABILITY RIGHTS CENTER; | ) CIVIL NO. 06-00605 PAE-BMK<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for the Retarded, Inc.; and OPPORTUNITIES FOR THE RETARDED, INC.; | ) **MEMORANDUM IN SUPPORT OF**<br>) **PLAINTIFF'S MOTION FOR**<br>) **PRELIMINARY INJUNCTION**<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................. i

TABLE OF AUTHORITIES ...................................................... ii

I.     INTRODUCTION ...................................................... 1

II.    FACTUAL SUMMARY FOR MOTION ......................... 2

III.   PROCEDURAL BACKGROUND ................................. 5

IV.   LEGAL BACKGROUND............................................... 5

V.    STANDARD FOR PRELIMINARY INJUNCTION ...... 8

VI.   ALL REQUIREMENTS FOR A PRELIMINARY INJUNCTION HAVE
BEEN SATISFIED ...................................................... 10

     A.    HDRC Will Suffer Imminent and Irreparable Harm If Its Motion
For A Preliminary Injunction Is Denied ............................. 10

     B.    ORI Will Not Suffer Irreparable Harm If HDRC's Motion
Is Granted.................................................................... 13

     C.    The "Balance of Hardships" Tips Decidedly In HDRC's Favor ......... 14

     D.    HDRC Is Likely To Succeed On The Merits ..................... 15

     E.    The Public Interest Will Be Served By Granting HDRC's Motion..... 18

     F.    Bond Should Not Be Required............................................ 19

     G.    State Law Violations Also Require Injunctive Relief......................... 19

VII.  CONCLUSION ....................................................... 20, 21

# TABLE OF AUTHORITIES

**Federal Cases**

Advocacy Center v. Salder, 128 F.Supp.2d 358 (M.D. La. 1999) .............. 11, 14, 16

Aguirre v. Chula Vista Sanitary Services, 542 F.2d 779 (9th Cir. 1976) ................. 9

Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center,
    97 F.3d 492 (11th Cir. 1996) ............................................................. 5, 10, 11, 16

Arizona Center for Disability Law v. Allen, 197 F.R.D. 689 (D. Az. 2000) .... 11, 16

Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers,
    584 F.2d 308 (9th Cir. 1978) ........................................................................... 9

Equip for Equality, Inc. v. Ingalls Memorial Hospital,
    292 F.Supp.2d 1086 (N.D. Ill. 2003) ................................................... 10, 16, 18

HDRC v. Cheung, U.S.D.C. Hawaiʻi Civil No. 05-00557 DAE-LEK ................. 2, 4

Iowa Protection and Advocacy Services, Inc. v. Gerard Treatment Programs,
    L.L.C., 152 F.Supp.2d 1150 (N.D. Iowa 2001) ........................................... 11, 16

Iowa Protection and Advocacy Services, Inc. v. Rasmussen,
    206 F.R.D. 630 (S.D. Iowa 2001) ............................................................... 11, 16

Mississippi Protection and Advocacy System, Inc. v. Cotten,
    929 F.2d 1054 (5th Cir. 1991) .......................................................... 11, 15, 16, 18

Pennsylvania Protection and Advocacy v. Houston,
    228 F.3d 423 (3d Cir. 2000) ....................................................................... 11, 16

Protection & Advocacy for Persons with Disabilities v. Armstrong,
    266 F.Supp.2d 303 (D.Conn. 2003) ........................................................ 5, 11, 16

Robbins v. Budke, 739 F.Supp. 1479 (D. N.M. 1990) ................................ 10, 16, 18

Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415 (9th Cir. 1984) ....... 9

Sports Form, Inc. v. United Press International, Inc.,
    686 F.2d 750 (9th Cir. 1982) ......................................................................... 17

State of Alaska v. Village of Venetie, 856 F.2d 1384 (9th Cir. 1988) ............ 8, 9, 14

Thomas v. Davidson Academy, 846 F.Supp. 611 (M.D. Tn. 1994) ....................... 19

United States v. Odessa Union Warehouse Co-op, 833 F. 2d 172 (9th Cir. 1987) ... 9

Van de Kamp v. Tahoe Regional Planning Agency,
    766 F.2d 1319 (9th Cir. 1985) ....................................................................... 10

Wisconsin Coalition for Advocacy, Inc. v. Czaplewski,
    131 F.Supp.2d 1039 (E.D. Wis. 2001) ............................................ 11, 14, 15, 16


**Federal Statutes**

42 U.S.C. § 15001 ........................................................................................ 2, 5, 19

42 U.S.C. § 15043 .......................................................................... 1, 2, 5, 7, 10, 12

ii

42 U.S.C. § 15043(a)(1) ................................................................................ 13, 18
42 U.S.C. § 15043(a)(2) ................................................................................ 6
42 U.S.C. § 15043(a)(2)(A)(i) ....................................................................... 5, 6
42 U.S.C. § 15043(a)(2)(H) ........................................................................... 7
42 U.S.C. § 15043(a)(2)(I)(iii) ...................................................................... 77
42 U.S.C. § 6042 ........................................................................................... 12
Developmental Disabilities and Bill of Rights Act.................................... 2

**Federal Regulations**
45 C.F.R. § 1386.19........................................................................................ 1, 7
45 C.F.R. § 1386.22........................................................................................ 2, 6, 7, 10
45 C.F.R. § 1386.22(a)(3)............................................................................... 7, 8, 17
45 C.F.R. § 1386.22(i) ................................................................................... 1, 3, 4, 7, 17

**State Statutes**
H.R.S. § 333F-8.5............................................................................................ 2, 6, 20
H.R.S. § 333F-8.5(c) ...................................................................................... 20
H.R.S. § 333F-8.5(d) ...................................................................................... 20

**Publications**
7 Moore's Federal Practice, 65-154-55 (1995)                              9, 10
11A Federal Practice and Procedure, Wright Miller & Kane, § 2954 (1995)        10

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## I. INTRODUCTION

Plaintiff HAWAI'I DISABILITY RIGHTS CENTER ("Plaintiff" or "HDRC"), by and through its attorneys, Winston D.M. Ling, Louis Erteschik, and Matthew C. Bassett, respectfully moves this Court to enter a preliminary injunction to order Defendants SUSANNA F. CHEUNG, and OPPORTUNITIES FOR THE RETARDED, INC. (collectively, "Defendants" or "ORI") to immediately provide HDRC with the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, pursuant to HDRC's authority under 45 C.F.R. § 1386.22(i).

## II. FACTUAL SUMMARY FOR MOTION

HDRC is congressionally mandated to investigate allegations of abuse and neglect at public and private institutions (including ORI) as part of its advocacy for the rights of people with disabilities who work and reside in those institutions. 42 U.S.C. § 15043.

Upon information and belief, ORI is a provider of adult day programs, including but not limited to educational, residential, and vocational services for individuals with developmental disabilities. ORI is a "facility" as that term is defined under the DD Act. 45 C.F.R. § 1386.19. ORI is a facility that is subject to

the investigative authority of HDRC. 42 U.S.C. § 15043; 45 C.F.R. § 1386.22.

HDRC filed a previous Complaint for Declaratory and Injunctive Relief on August 25, 2005, alleging violations of the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15001, *et seq.*, and supplemental jurisdictional claims under Hawai'i Revised Statutes, H.R.S. § 333F-8.5. <u>HDRC v. Cheung, et al.</u>, U.S.D.C. Hawai'i Civil No. 05-00557 DAE-LEK (dismissed with prejudice by the Court on June 5, 2006).

On or about June 7, 2006, the parties in <u>HDRC v. Cheung, et al.</u>, <u>Id.</u>, finalized a Settlement Agreement ("Agreement") whereby Defendant ORI agreed to allow HDRC access to it's facilities, records, and clients pursuant to the terms and conditions described in an Access Protocol ("Protocol") attached to the Agreement. *See* Exhibit "A" attached hereto.

Paragraph C(2)(c) of the Protocol provides that HDRC may have access to records at ORI without the written consent of:

> c.      Any person who has a legal guardian, conservator, or other legal representative with respect to whom a complaint has been received by HDRC, or with respect to whom HDRC has determined that probable cause exists to believe that the person has been subjected to abuse or neglect, whenever all of the conditions exist:

> i.      HDRC has contacted the representative upon receipt of the representative's name and address;

> ii.     HDRC has offered assistance to the representative to resolve the situation; and

iii.  The representative has failed or refused to act on behalf of the person.

On or about August 24, 2006, HDRC received a complaint that alleged that clients of ORI are being subjected to system-wide and individual abuse and neglect. Allegations included mismanagement of client funds, theft, fraud, misapplication of medications, verbal abuse of clients, and concealment of records and files of clients from HDRC's regular monitoring activities.

On or about August 28, 2006, HDRC provided a written notice to ORI, by and through Defendant CHEUNG, that a complaint was received by HDRC concerning alleged abuse and neglect of clients at ORI, and requested to review the individual records of each client presently served by ORI, including residents and adult day program participants.  Exhs. "C" and "D", attached hereto.

In response, ORI, by and through Defendant CHEUNG, denied HDRC's requests to access specific records and failed to promptly provide to HDRC as required, the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, as required by DD Act regulation.  42 C.F.R. § 1386.22(i), *see also* Exh. "B" attached hereto.

The DD Act regulation requires that if a protection and advocacy system is denied access to records covered by the DD Act, it shall be promptly provided with a written statement of reasons, including in the case of a denial for alleged lack of

authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities. 45 C.F.R. § 1386.22(i).

HDRC President Gary L. Smith sent three letters dated September 1, 2006, September 13, 2006, and September 22, 2006 to ORI, by and through Defendant CHEUNG, to inform ORI of its obligations under the DD Act and to request that ORI provide the names and contact information of guardians of clients serviced by ORI. Smith Aff. at ¶¶11, 14, 16-17; *see also* Exhs. "D", "E" and "F", attached hereto.

Upon each written request, ORI, by and through Defendant CHEUNG, has refused to provide HDRC with the required and necessary information for HDRC to contact the legal guardians, conservators, or other legal representatives of ORI clients, in order to request their consent to access individual records. Exhs. "G" and "H".

By refusing to provide the required and necessary contact information, ORI, by and through Defendant CHEUNG, also breached its obligations under the Agreement in HDRC v. Cheung, et al. Agreement at ¶1, and final paragraph of Protocol, both at Exh. "A".

4

In order to fulfill its congressional mandate to protect and advocate for persons with developmental and mental disabilities, HDRC has the authority to pursue legal remedies. 42 U.S.C. § 15043.

### III. PROCEDURAL BACKGROUND

The Plaintiffs' Motion for Preliminary Injunction is filed contemporaneously with the Complaint for Declaratory and Injunctive Relief in this matter. The Defendants have not filed an Answer to the Complaint.

### IV. LEGAL BACKGROUND

Congress passed the DD Act, 42 U.S.C. §15001, *et seq.*, because of widespread concern over instances of abuse and neglect of persons with disabilities in private institutions such as ORI. *See* Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center, 97 F.3d 492, 494 (11th Cir. 1996); Protection & Advocacy for Persons with Disabilities v. Armstrong, 266 F.Supp.2d 303, 309 (D.Conn. 2003).

The DD Act established the Protection and Advocacy ("P&A") System to investigate and remedy abuse and neglect of persons with developmental disabilities and mental illness, and to provide them with legal representation and advocacy services. 42 U.S.C. § 15001, *et seq.* The P&A system is a nationwide network of disability rights agencies that are mandated and designated for every state and territory of the United States. 42 U.S.C. § 15043(a)(2)(A)(i).

5

HDRC is a nonprofit corporation formed in the State of Hawaiʻi in 1977. Smith Aff. at ¶3. HDRC has been designated as the Protection and Advocacy ("P&A") system for persons with disabilities in the State of Hawaiʻi by a series of Executive Orders starting in 1977. Smith Aff. at ¶4.

The DD Act provides federal funds to states in exchange for their creating independent P&A systems to, among other things:

> …ensure the protection of, and advocacy for, the rights of such individuals [with developmental disabilities] within the State who are or who may be eligible for treatment, services, or habilitation…

42 U.S.C. § 15043(a)(2)(A)(i).

HDRC is also authorized under Hawaiʻi statutes to "provide advocacy services to persons with developmental disabilities and mental illness". H.R.S. § 333F-8.5.

In order to protect the rights of individuals with disabilities to be free from abuse and neglect, HDRC, as the protection and advocacy system for the State of Hawaiʻi, has the broad authority to access individuals with disabilities, records, and to conduct investigations into the facilities that serve them. 42 U.S.C. § 15043 (a)(2); 45 C.F.R. § 1386.22.

ORI is a provider of adult day programs, and educational, residential, and vocational services to individuals with developmental disabilities and/or mental retardation and/or mental illness. It is a "location in which services, supports and

6

other assistance are provided" to individuals with developmental disabilities under the DD Act. 42 U.S.C. § 15043(a)(2)(H). ORI is a facility that is therefore subject to the investigative authority of HDRC. 42 U.S.C. § 15043; 45 C.F.R. §§ 1386.19 and 1386.22.

The DD Act regulations contemplate that a P&A, upon receipt of a complaint of abuse and neglect, must first attempt to contact guardians to request access to individual records. The regulations, in describing HDRC's authority to access records for the purposes of conducting an investigation of abuse and neglect, clearly imply that guardian contact information must be disclosed to a P&A:

> (a)   Access to records – A protection and advocacy (P&A) system shall have access to the records of any of the following individuals with developmental disabilities:
> . . .
> (3) An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system…whenever all of the following conditions exist:
> (i)   The system has made a good faith effort to contact the representative **upon receipt of the representative's name and address**;
> (ii) The system has offered assistance to the representative to resolve the situation; and
> (iii) The representative has failed or refused to act on behalf of the individual.

45 C.F.R. § 1386.22(a)(3) (**emphasis added**). This regulation explicitly does not require a P&A system to first obtain the consent of a legal guardian prior to the disclosure of guardian contact information.

If a facility like ORI refuses to provide a P&A system with access to its premises, individuals in the facility, or records, it must provide the P&A with a prompt written explanation for the denial. 45 C.F.R. § 1386.22(i) provides that:

> (i) If a system is denied access to facilities and its programs, individuals with developmental disabilities, or records covered by the Act it shall be provided promptly with a written statement of reasons, **including, in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative** of an individual with developmental disabilities.

(**emphasis added**). This portion of the regulation clearly obligates the entity denying access to furnish the P&A system with guardian contact information, thereby enabling the P&A to commence its good faith attempts to secure guardian consent under 45 C.F.R. § 1386.22(a)(3). Once more, there is no regulatory requirement that a guardian must provide consent to release guardian contact information.

## V. STANDARD FOR PRELIMINARY INJUNCTION

In order to be awarded a preliminary injunction, a Plaintiff must satisfy the requirements set forth in <u>State of Alaska v. Village of Venetie</u>, 856 F.2d 1384 (9th Cir. 1988), and its progeny. <u>Venetie</u> states that a movant is "entitled" to injunctive relief if either:

> 1. They demonstrate
>    a probable success on the merits, and
>    a possibility of irreparable injury;

2. **or** if they demonstrate
> a fair chance of success on the merits (i.e. serious questions are raised), and
> the balance of hardships tips sharply in their favor.

Id. at 1389. (**emphasis added**)

The alternatives in the above standard represent "extremes of a single continuum," rather than two separate tests. Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978).

> The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.

Venetie, *supra*, at 1389. (citing Aguirre v. Chula Vista Sanitary Services, 542 F.2d 779 (9th Cir. 1976)). A "serious question" is one on which the movant has a "fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

In addition to the traditional factors, the Court may consider the public's interest concerning the injunction sought. United States v. Odessa Union Warehouse Co-op, 833 F. 2d 172, 176 (9th Cir. 1987).

Jurisdictions have consistently exercised their discretion to not require the moving party to post a bond where either (1) the party lacks financial resources or (2) the suit is brought to protect important federal interest. *See* 7 MOORE'S

FEDERAL PRACTICE ¶ 65.09, at 65-154-55 (1995); 11A Wright, Miller & Kane,

FEDERAL PRACTICE AND PROCEDURE § 2954 at 298-300 (1995). *See also*

California ex rel. Van de Kamp v. Tahoe Regional Planning Agency, 766 F.2d 1319

(9th Cir. 1985) (district court allowed environmental group seeking injunction to

prohibit regional planning agency from taking any action to amend regional plan to

proceed without posting a bond).

## VI. ALL REQUIREMENTS FOR A PRELIMINARY INJUNCTION HAVE BEEN SATISFIED

**A.     HDRC Will Suffer Imminent And Irreparable Harm If Its Motion For A Preliminary Injunction Is Denied.**

HDRC satisfies the requirement of a "clear showing" that it will suffer

irreparable harm in the absence of preliminary injunctive relief.  If HDRC is denied

the names and addresses of the legal guardians, conservators, or other legal

representatives of ORI clients, HDRC will not be able to conduct a full and

effective investigation of alleged abuse and neglect of individuals who it has been

Congressionally mandated to protect.  42 U.S.C. § 15043; 45 C.F.R. § 1386.22.

Courts in many jurisdictions have held that a P&A suffers imminent and

irreparable harm, and is thus entitled to preliminary and permanent injunctive relief,

when it is denied access to persons and information it needs. *See, e.g.* Equip for

Equality, Inc. v. Ingalls Memorial Hospital, 292 F.Supp.2d 1086 (N.D. Ill. 2003);

Robbins v. Budke, 739 F.Supp. 1479 (D. N.M. 1990); Alabama Disabilities

Advocacy Program v. J.S. Tarwater Developmental Center, 97 F.3d 492 (11th Cir.

1996); Pennsylvania Protection and Advocacy v. Houston, 228 F.3d 423 (3d Cir.

2000); Mississippi Protection and Advocacy System, Inc. v. Cotten, 929 F.2d 1054

(5th Cir. 1991); Protection & Advocacy For Persons With Disabilities v.

Armstrong, 266 F.Supp.2d 303 (D. Conn. 2003); Arizona Center for Disability Law

v. Allen, 197 F.R.D. 689 (D. Az. 2000); Wisconsin Coalition for Advocacy, Inc. v.

Czaplewski, 131 F.Supp.2d 1039 (E.D. Wis. 2001); Advocacy Center v. Salder, 128

F.Supp.2d 358 (M.D. La. 1999); Iowa Protection and Advocacy Services, Inc. v.

Gerard Treatment Programs, L.L.C., 152 F.Supp.2d 1150 (N.D. Iowa 2001); Iowa

Protection and Advocacy Services, Inc. v. Rasmussen, 206 F.R.D. 630 (S.D. Iowa

2001).

In Czaplewski, the P&A for the State of Wisconsin filed suit to compel

access to records and other information. The Court granted the P&A's Motion for a

Preliminary Injunction, holding that the Defendant's refusal to provide the

information irreparably harmed the P&A under the DD Act and other P&A statutes.

The Court held:

> the defendant's refusal to provide [the P&A] with records that it is
> entitled to review (indeed, charged to review as a part of its
> responsibilities) does, in a very real and readily identifiable way, pose a
> threat to the [P&A's] being able to discharge its obligations.

11

Id. at 1051. In the case at bar, ORI's refusal to provide the names and addresses of

the legal guardians, conservators, or other legal representatives of ORI clients

impedes and obstructs HDRC's access to the records needed to investigate alleged

abuse and neglect. ORI's continued refusal to disclose guardian contact information

more than "pose[s] a threat" to HDRC's ability to discharge its obligation to

effectively conduct a full investigation of alleged abuse and neglect to persons with

disabilities.

In contemplation of the special needs, vulnerabilities and limitations of the

community it is supposed to serve, the DD and PAIMI Acts mandate that persons

with disabilities have a right to have "in effect" a system of protection and

advocacy. 42 U.S.C. § 15043. Courts have interpreted this mandate to mean that a

P&A system must be "effective" in all areas where it exercises its authority. *See*

Cotten, *supra*, at 1058-59 (considering 42 U.S.C. § 6042, which has been amended

and restated as 42 U.S.C. § 15043):

> [The DD Act] gives to the institutionally developmentally disabled the
> right to an effective protection and advocacy system... The Act not only
> describes the range of services to be provided by the protection and
> advocacy systems, it also states that systems "must have the authority" to
> perform these services.

Without the names and addresses of the legal guardians, conservators, or

other legal representatives of ORI clients, HDRC will be unable to fully and

effectively conduct and complete its investigation of alleged abuse and neglect on

persons with disabilities at ORI. HDRC will not be able to review the records of persons whom it is mandated to protect against abuse and neglect without first contacting the legal guardians, conservators, or other legal representatives of ORI clients for their consent.

HDRC will be imminently and irreparably harmed, and will continue to be so if its Motion for Preliminary Injunction is not granted, because it is prevented from accessing the records of persons who are currently provided services by ORI. HDRC cannot review relevant records to insure that clients of the P&A system are free from abuse and neglect, including financial exploitation.

Without the names and addresses of the legal guardians, conservators, or other legal representatives of ORI clients sought in its Motion for Preliminary Injunction, the harm to HDRC will be imminent and irreparable, because the agency will not be able to fulfill its statutory obligation to have an *effective* protection and advocacy system to protect the rights of persons with disabilities, as mandated by 42 U.S.C. § 15043(a)(1).

**B.    ORI Will Not Suffer Irreparable Harm If HDRC's Motion Is Granted.**

ORI will suffer little or no harm, let alone any irreparable harm, if HDRC's motion is granted. The proper release of the names and addresses of the legal guardians, conservators, or other legal representatives of ORI clients will not impose any substantial burdens on ORI other than what they are already required to

13

do under law. Compliance with the DD and PAIMI Acts does not place any additional burden on ORI, because they are obligated to comply with these statutes in any event.

Courts have uniformly held that an entity suffers little or no harm when it is required to provide a P&A with access to facilities, individuals and records. In Czaplewski, the Defendant argued that it would be harmed if it were required to provide documents and information to a P&A. The District Court disagreed and held that an injunction would, rather, protect it from any harm noting, "[a]fter all, the defendants could hardly be punished for complying with a federal Court Order." Czaplewski, *supra*, at 1052. *See also*, Advocacy Center v. Stalder, 128 F.Supp.2d 358, 368 (M.D. La. 1999) ("[i]ssuance of a permanent injunction in this case does not subject the defendants to a penalty or a hardship since it requires them to do exactly what the act requires, i.e., to comply with the law.").

## C.    The "Balance Of Hardships" Tips Decidedly In HDRC's Favor.

When this Court "balances the hardships" in this case, the balance "tips sharply" in HDRC's favor. Venetie, *supra*, at 1389.

If HDRC's motion is denied, it will be unable to carry out its statutory obligation to effectively consult with and advise individuals with disabilities, review their records, and monitor the facilities and services that they receive. Such a result would "in a very real and readily identifiable way, pose a threat to

14

[HDRC's] being able to discharge its obligation[s]." Czaplewski, *supra*, at 1051.

HDRC has been charged by Congress and the State of Hawai'i to protect and

advocate for persons with disabilities. Congress intended that the State of Hawai'i,

like other states, have "effective" P&A systems, not simply *pro forma* organizations

that have the theoretical power to investigate cases of possible neglect but no

effective way to carry out those investigations. Mississippi Protection and

Advocacy System v. Cotten, 929 F.2d 1054, 1058 (5th Cir. 1991). If HDRC does

not have the names and addresses of the legal guardians, conservators, or other

legal representatives of ORI clients to access their records as required by law, it will

be rendered ineffectual and unable to fulfill its most fundamental P&A duty.

Conversely, if HDRC's Motion for a Preliminary Injunction is granted, ORI

will merely be required to provide access and information that the law already

requires it to provide. Arguably, should this Court order ORI to provide the names

and addresses of the legal guardians, conservators, or other legal representatives of

ORI clients as requested, it will be shielded from any harm or liability that could

theoretically result. Czaplewski, *supra*, at 1052.

**D.     HDRC Is Likely To Succeed On The Merits.**

HDRC is likely to prevail on the merits of this case. The DD Act regulation

unambiguously imposes a binding obligation on ORI to provide the names and

addresses of the legal guardians, conservators, or other legal representatives of

15

disabled persons serviced by ORI when it denied HDRC access to client records of ORI. 45 C.F.R. § 1386.22(i). This explicit right of access is couched in mandatory and not precatory terms. It is very clear that in this case, ORI violated the DD Act regulation by failing to provide HRDC the names and addresses of the legal guardians, conservators, or other legal representatives of ORI clients when it denied HDRC access to ORI client records.

Courts have uniformly granted injunctions to P&As to allow them to receive the access and information they sought. *See, e.g.* Equip for Equality, Inc. v. Ingalls Memorial Hospital, 292 F.Supp.2d 1086 (N.D. Ill. 2003); Robbins v. Budke, 739 F.Supp. 1479 (D. N.M. 1990); Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center, 97 F.3d 492 (11th Cir. 1996); Pennsylvania Protection and Advocacy v. Houston, 228 F.3d 423 (3d Cir. 2000); Mississippi Protection and Advocacy System, Inc. v. Cotten, 929 F.2d 1054 (5th Cir. 1991); Protection & Advocacy For Persons With Disabilities v. Armstrong, 266 F.Supp.2d 303 (D. Conn. 2003); Arizona Center for Disability Law v. Allen, 197 F.R.D. 689 (D. Az. 2000); Wisconsin Coalition for Advocacy, Inc. v. Czaplewski, 131 F.Supp.2d 1039 (E.D. Wis. 2001), Advocacy Center v. Salder, 128 F.Supp.2d 358 (M.D. La. 1999), Iowa Protection and Advocacy Services, Inc. v. Gerard Treatment Programs, L.L.C., 152 F.Supp.2d 1150 (N.D. Iowa 2001); Iowa Protection and Advocacy Services, Inc. v. Rasmussen, 206 F.R.D. 630 (S.D. Iowa 2001).

In response to a complaint in the instant case, HDRC opened an investigation of alleged abuse and neglect of ORI clients. Smith Aff. at ¶¶6-10. ORI denied access to the requested records and failed to promptly provide the names and addresses of the legal guardians, conservators, or other legal representatives of individuals with disabilities at ORI, as required by 45 C.F.R. § 1386.22(i); *see also* Smith Aff. at ¶¶13 and 15-17, Waikiki Aff. at ¶¶10-15.

ORI's actions are clear violations of the HDRC's access authority under the DD Act and its implementing regulations. 42 U.S.C. § 15043(a)(2)(I)(iii), 45 C.F.R. §§ 1386.22(a)(3) and 1386.22(i).

ORI's refusal to provide the requested contact confirmation needed to access ORI client records is a breach of the Settlement Agreement between HDRC and ORI. ¶1 of the Agreement, and last ¶ of the Protocol, both at Exh. "A".

HDRC presents the "serious question" of whether it will be able to fulfill its statutorily mandated obligation to fully and adequately monitor persons with developmental disabilities and mental illness. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750 (9th Cir. 1982). ORI's refusal to provide HDRC with the names and addresses of the guardians, conservators or legal representatives of ORI clients to access the records of ORI clients in conducting a full investigation of alleged ORI abuse and neglect as they are required to provide under the DD Act satisfies the "serious question" standard.

As a result of these unlawful actions, HDRC cannot review medical, financial, employment, and treatment records of persons with disabilities at the ORI facility. Therefore, HDRC's federal obligation to investigate allegations of abuse and neglect of ORI clients is substantially obstructed. If HDRC cannot have the names and addresses of guardians, conservators or other legal representatives in order to contact for access to review records, it cannot be an "effective" P&A system. Cotten, *supra*, at 1058.

The affidavits, declaration of counsel, and the exhibits attached hereto, lend clear evidence that ORI has obstructed, and continues to obstruct, HDRC's statutory duty to protect and advocate for the rights of individuals with disabilities.

**E.      The Public Interest Will Be Served By Granting HDRC's Motion.**

A preliminary injunction will restore the statutory rights of HDRC and its clients with disabilities, thereby serving the public interest. Courts have ruled that the right of access that will be protected by an injunction is enjoyed by both the P&A and its clients with disabilities. *See* Robbins, *supra*, at 1487, and Ingalls, *supra*, at 1099-1100.

Furthermore, a preliminary injunction will protect Congress' mandate under the DD Act that Hawai'i have "in effect" a P&A system to protect and advocate the rights of individuals with developmental disabilities. 42 U.S.C. § 15043(a)(1); *see also* Cotten, *supra*, at 1058.

Granting HDRC's Motion for Preliminary Injunction will further the public's interest in eliminating the mistreatment of persons with disabilities (Thomas by Thomas v. Davidson Academy, 846 F.Supp. 611 (M.D. Tn. 1994)), by allowing HDRC to do that which Congress intended it to do: protect and advocate for persons with disabilities through education, monitor the treatment and services provided to them by private facilities like ORI, and, in the instant case, investigate the allegations of abuse and neglect on disabled persons who are clients of ORI. 42 U.S.C. § 15001, *et seq.*

## F.    Bond Should Not Be Required.

This is an appropriate case to excuse Plaintiffs from the security requirement. On the one hand, the claims are serious, substantial, and violations of law are disturbingly evident. On the other hand, as this Court is undoubtedly aware, requiring a bond would deny relief to not only the Plaintiffs, but to the community of disabled persons that it is Congressionally mandated to protect.

## G.    State Law Violations Also Require Injunctive Relief.

It is undisputed that HDRC, as the designated protection and advocacy system for this state, has authority under Hawaiʻi law to provide advocacy services to, and access records of, all persons with developmental disabilities and mental illness:

   (c) [HDRC]...shall have access to all records of any person with developmental disabilities or mental illness, to the extent required by federal law.

   (d) [HDRC]...shall provide those advocacy services to persons with developmental disabilities or mental illness as required by federal law.

H.R.S. § 333F-8.5(c) and (d).

  The foregoing provisions were violated when ORI denied the information needed by HDRC to seek access to records under the DD Act to conduct its investigation of abuse and neglect.

  Hawaiʻi's statutory scheme fully supports P&A authority under federal law, and repeated and ongoing violations of H.R.S. § 333F-8.5 warrant an injunction and an award of summary judgment.

## VII. CONCLUSION

  For the foregoing reasons, Plaintiff requests that this Court:

  1. GRANT its Motion for Preliminary Injunction to ENJOIN the Defendants from refusing to provide HDRC with guardian contact information.

  2. ORDER the Defendants to immediately provide the names and addresses of the legal guardians, conservators, or other legal representatives of all persons with disabilities who are presently provided services by ORI.

  3. FURTHER ORDER that the Court's Order shall not be interpreted to constrain, limit, or restrict HDRC's access authority or ability to conduct a full

investigation of alleged abuse and neglect under federal and state protection and advocacy statutes.

DATED:  Honolulu, Hawai'i, November 9, 2006.

_____
WINSTON D.M. LING
LOUIS ERTESCHIK
MATTHEW C. BASSETT

Attorneys for Plaintiff
HAWAI'I DISABILITY RIGHTS CENTER