IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAI'I DISABILITY RIGHTS CENTER; <br><br> Plaintiff, <br><br> vs. <br><br> SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for the Retarded, Inc.; and OPPORTUNITIES FOR THE RETARDED, INC., a Hawai'i corporation; <br><br> Defendants. | CIVIL NO. 06-00605 DAE-BMK <br><br><br><br><br><br> **AFFIDAVIT OF GARY L. SMITH** |

## AFFIDAVIT OF GARY L. SMITH

The undersigned GARY L. SMITH, having been first duly sworn, hereby deposes and says that:

1. I have personal knowledge of all matters set forth in this Affidavit.

2. I am President of the Hawai'i Disability Rights Center ("HDRC").

3. HDRC is nonprofit corporation formed in the State of Hawai'i in 1977 to protect and advocate for the human, civil and legal rights of people with disabilities.

4. Governors have designated HDRC as this state's Protection and Advocacy system by Executive Orders 77-3, 82-4, 89-2, and 94-06.

5. HDRC has been designated as the Protection and Advocacy system for individuals with developmental disabilities and/or mental retardation under the Developmental Disabilities Assistance and Bill of Rights Act, as amended. 42 U.S.C. § 15001, *et seq*.

6. On August 28, 2006, a letter signed by myself was hand-delivered to ORI. *See* Exhibit "C" attached hereto. The letter announced that we had received a complaint alleging widespread abuse and neglect of ORI clients, and in response to that complaint, our agency had opened an abuse and neglect investigation. ¶1, Id.

7. My August 28, 2006 letter specifically requested that HDRC representatives have access to "individual records for each client presently served by ORI and its related business entities, including residents as well as non-resident program participants." ¶2, Id.

8. The August 28, 2006 letter specifically requested that each individual record be composed of:

    a. Psychological, medical and dental records for each client.

    b. Case management records for each client;

      c.      Wage and earnings, vocational training, employment records, and subminimum wage documentation for each client.

      d.      Social Security and other public benefits records for each client.

      e.      Legal documents, including Letters of Guardianship and other guardianship documents for each client.

      f.      Medicaid billing records for each client.

      g.      Records of any funds held by ORI for each client.

Id. at p.1, ¶2.

9.     The August 28, 2006 letter specifically requested that ORI also provide any records concerning "related corporate and business entities that employ, train, or provide services to ORI clients" (p.2, ¶1, Id.), and identified certain business entities operating at the same business address:

      a.      2828 Travel, Inc.

      b.      Helemano Plantation, Inc.

      c.      Helemano Services & Management, Inc.

      d.      ORI Anuenue Hale, Inc.

10.    My August 28, 2006 letter specifically requested that a records manager or corporate officer certify that the records provided were full and complete. p.2, ¶2, Id.

11. On September 1, 2006, another letter signed by myself was hand-delivered to ORI. *See* Exhibit "D" attached hereto. The letter specifically requested information for all persons with disabilities currently residing at ORI or its related entities; all persons with disabilities who are provided day program services by ORI or its related entities; and, in the event that these persons with disabilities have legal guardians, the names and contact information for each guardian. ¶2, Id.

12. The purpose and use of the information was described in my September 1, 2006 letter. I clearly stated that HDRC "[W]ill attempt to contact each person with a disability or their legal guardian to obtain authorization to review the individual records requested in my August 28, 2006 letter. **The records are necessary for HDRC to effectively conduct a full and thorough investigation of the abuse and neglect complaint.**" ¶3, Id. (boldface emphasis added)

13. I received a letter dated September 8, 2006 from Susanna F. Cheung, which stated, in part, "we are not able to release information for clients and/or guardians for whom we do not have valid consents." *See* ¶3, Exhibit "G" attached hereto.

14. My response to Ms. Cheung was mailed on September 13, 2006 via certified mail. *See* Exhibit "E" attached hereto. I specifically noted that ORI's

4

denial of guardian contact information "within the context of an investigation of suspected abuse and neglect" was contrary to federal law and the Access Protocol agreement between ORI and HDRC. ¶2, Id.

15. I received a letter dated September 20, 2006 from Ms. Cheung, which continued to deny HDRC access to guardian contact information because HDRC did not provide authorizations from the guardians to disclose guardian information. *See* Exhibit "H" attached hereto.

16. I sent a letter to Ms. Cheung on September 22, 2006 via certified mail. *See* Exhibit "F" attached hereto. I noted that HDRC's repeated requests for guardian contact information had been denied by ORI. My letter enclosed a citation from our legal staff of the precise DD Act regulation that ORI has not complied with.

17. Each of my August 28, 2006, September 1, 2006, September 13, 2006 and September 22, 2006 letter requests have been supported with citations from our legal staff to relevant federal statutes and implementing regulations, as well as the Access Protocol attached to the Settlement Agreement between HDRC and ORI in HDRC v. Cheung, et al., U.S.D.C. Hawai'i Civil No. 05-00557 DAE-LEK (dismissed with prejudice by the Court, June 5, 2006). *See* Exhibit "A" attached hereto.

18. I insisted and understood that the disclosure of guardian contact information be incorporated by reference into the Access Protocol agreement executed by ORI and HDRC in <u>HDRC v. Cheung, et al.</u>, <u>Id</u>.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

*Gary L. Smith*
GARY L. SMITH

Affiant


Sworn and subscribed before me
this 9th day of November, 2006.

_____
Notary Public, State of Hawai'i

MICHAEL J. RABANAL
☆ NOTARY PUBLIC ☆
STATE OF HAWAII

My Commission expires: October 30, 2010