373651.4

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of this ____th day of June 2006, by and between HAWAII DISABILITY RIGHTS CENTER ("HDRC") and SUSANNA F. CHEUNG, ANN K. HIGA, MARY REAVIS, and OPPORTUNITIES FOR THE RETARDED, INC. ("ORI"). HDRC, Ms. CHEUNG, Ms. HIGA, Ms. REAVIS, and ORI are hereinafter referred to collectively as the "Parties".

### W I T N E S S E T H

WHEREAS, HDRC is a Hawaii corporation with its principal place of business in the City and County of Honolulu, State of Hawaii;

WHEREAS, SUSANNA F. CHEUNG is the President and Chief Executive Officer of ORI, ;

WHEREAS, ANN K. HIGA is the Chief Operating Officer of ORI;

WHEREAS, MARY REAVIS is the Waiver Program Director of ORI;

WHEREAS, ORI is a Hawaii corporation with its principal place of business in the City and County of Honolulu, State of Hawaii;

WHEREAS, on June 17, 2005, HDRC filed a Complaint for Declaratory and Injunctive Relief (the "Complaint") against Ms. CHEUNG, Ms. HIGA, Ms. REAVIS, and ORI entitled HAWAII DISABILITY RIGHTS CENTER, a Hawaii corporation, v. SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for Retarded, Inc.; ANN K. HIGA, in her capacity as Vice President of Opportunities for the Retarded, Inc.; MARY REAVIS, in her capacity as Waiver Program Director of Opportunities for the Retarded, Inc.; and OPPORTUNITIES FOR THE RETARDED, INC., a Hawaii corporation; Civil No. CV05-00557 DAE-LEK in the United States District Court for the District of Hawaii, seeking declaratory and injunctive relief as a result of the alleged denial of access to ORI's facilities, records, and clients;

Page 1 of 6

## Exhibit "A"

WHEREAS, the Parties desire to terminate, settle, and compromise any and all claims arising out of or relating to any alleged denial of access by ORI that is the subject of the Complaint;

NOW, THEREFORE, the Parties mutually agree as follows:

1. **Access to ORI's Facilities, Records, and Clients.** ORI agrees to allow HDRC to access ORI's facilities, records, and clients in the manner agreed to by the Parties as stated in that Protocol for Access to ORI Facilities, Clients and Records ("Protocol") which is attached to this Settlement Agreement as Exhibit "1". ORI shall allow HDRC access to ORI's facilities, records and clients pursuant to the terms and conditions detailed in the Protocol beginning on Wednesday, June 7, 2006.

2. **Dismissal of the Complaint.** In conjunction with the execution of this Settlement Agreement, the parties shall agree not to reopen the proceedings that are subject to the Order of Dismissal executed by Judge David Alan Ezra on June 2, 2006.

3. **Covered Claims.** The term "Covered Claims" means any and all disputes, demands, judgments, liabilities, costs, expenses, compensations, fees, or damages arising out of or concerning the allegations in the Complaint.

4. **Mutual Release (ORI and HDRC).** The parties, on behalf of themselves and their respective successors and assigns, hereby release and forever discharge each other and their respective affiliates, related companies, heirs, executors, administrators, successors, assigns, insurers, indemnitors, agents, employees, officers, directors, representatives, and attorneys from and against any and all Covered Claims as defined hereinabove, which ORI and HDRC now have or have had arising out of or concerning the allegations in the Complaint.

5. **Settlement Not an Admission of Liability.** The Parties agree that nothing in this Agreement, including the covenants and releases contained herein, are to be construed as an admission of any ill will, unethical conduct, liability, negligence, breach of duty, or breach of any statute, agreement or contract on the part of ORI, but are to be construed strictly as a compromise and settlement of all Covered Claims for the purpose of ending past and present controversies and expenses for all Parties.

6. **Breach of Settlement Agreement.** It is understood and agreed by the Parties that if there is a material breach of

this Settlement Agreement by any party, the non-breaching party may seek to enforce this Settlement Agreement and/or to obtain such other remedies as may be allowed by the Court. In the event that a party is required to file suit in a court of law to enforce this Settlement Agreement and prevails in this suit, all reasonable attorneys' fees and costs incurred as a result of such enforcement shall be the responsibility of the losing party.

7. **Best Efforts**. The Parties will utilize their best efforts to comply with the terms of this Settlement Agreement and the attached Protocol.

8. **No Representation**. The Parties hereto admit that no statement of fact or opinion has been made by any of them, or anyone acting on behalf of any of them, to induce the execution of this Settlement Agreement, other than as expressly set forth in this Settlement Agreement, and that this Settlement Agreement is executed freely and upon the advice of counsel.

9. **Merger; Interpretation**. This Settlement Agreement and the attached Protocol contain the entire Settlement Agreement between the Parties hereto. The terms of this Settlement Agreement and the attached Protocol are contractual and not a mere recital. The interpretation of this Settlement Agreement and the attached Protocol shall be decided and construed in accordance with applicable Hawaii and Federal laws. Further, for the purposes of construing the intent of this Settlement Agreement or the attached Protocol, neither party shall be considered to have drafted this Settlement Agreement or the attached Protocol. This Settlement Agreement and the attached Protocol are the products of arms length negotiations between the Parties and therefore shall be deemed to have been drafted jointly by the Parties.

10. **Amendments**. This Settlement Agreement and the attached Protocol shall not be altered, amended, modified, or otherwise changed, in any respect or particularity whatsoever, except by a writing duly executed by the Parties to this Settlement Agreement. The Parties hereby acknowledge and agree that they will make no claim at any time that this Settlement Agreement or the attached Protocol has been orally altered or modified in any respect whatsoever.

11. **Cooperation**. The Parties hereto agree to execute any further documents that the other party may reasonably request in order to carry out the intent or the provisions of this Settlement Agreement and the attached Protocol.

Page 3 of 6

12. **Headings**. The headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the paragraphs they encaption.

13. **Representation of Authority**. Each party, or individual executing this Settlement Agreement on behalf of any party, expressly represents and warrants that he or she has authority to do so, and thereby to bind the party on behalf of which he or she signs, to the terms of this Settlement Agreement.

14. **Parties Bound**. This Settlement Agreement and all terms, provisions, and covenants contained herein are binding on and shall inure to the benefit of the Parties hereto and their respective heirs, successors, executors, administrators, successors in trust, trustees, trustees in bankruptcy, dissolution and/or liquidation receivers, personal representatives, guardians, legal representatives, present or future owners, lessees, mortgagees, assigns, insurers, indemnitors, agents, employees, officers, and directors.

15. **Severability**. Should any provision of this Settlement Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Settlement Agreement.

16. **Counterparts**. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same instrument.

/
/
/
/
/
/
/
/

IN WITNESS WHEREOF, the Parties have duly executed this Settlement Agreement as of the day and year above written.

HAWAII DISABILITY RIGHTS CENTER

By _/s/ Gary L. Smith_____

Its __President_____

APPROVED AS TO FORM:

_/s/ Louis Erteschik_____
MATTHEW BASSETT, ESQ.
LOUIS ERTESCHIK, ESQ.
Attorneys for HAWAII DISABILITY RIGHTS CENTER

/
/
/
/
/
/
/
/
/
/
/

Hawaii Disability Rights Center, Plaintiff vs. Susanna F. Cheung, et al., Defendants; Civil No. 05-00557 DAE-LEK; Settlement Agreement.

Page 5 of 6

OPPORTUNITIES FOR THE RETARDED, INC.

By _______________

Its President and CEO

SUSANNA F. CHEUNG
President and Chief Executive Officer of ORI

ANN K. HIGA
Chief Operating Officer of ORI

MARY REAVIS
Waiver Program Director of ORI

APPROVED AS TO FORM:

JOHN T. KOMEIJI, ESQ.
KAREN Y. ARIKAWA, ESQ.
Attorneys for SUSANNA F. CHEUNG,
ANN K. HIGA, MARY REAVIS, and
OPPORTUNITIES FOR THE RETARDED, INC.

# PROTOCOL FOR ACCESS TO ORI
## FACILITIES, CLIENTS AND RECORDS

HDRC shall be granted access to ORI under the following terms and conditions:

### A. Access to ORI Facilities

1. HDRC shall have unannounced and unaccompanied access at reasonable times to the ORI facility.

   a. "Unannounced" means HDRC representatives will not be required to make an appointment prior to a visit.

   b. "Unaccompanied", as it applies to facility access, means the ability to visit and interact informally with individuals with disabilities, to ask questions, to observe programs and activities, and to move through the premises without escort from ORI personnel.

   c. "Reasonable times" is defined, at a minimum, as regular business hours (Monday through Friday, 8:00 a.m. to 4:30 p.m.) and visiting hours.

2. Within the ORI premises, HDRC shall be permitted unannounced and unaccompanied access at reasonable times to monitor all areas that are used by persons with disabilities. These areas include, but are not limited to, areas where persons with disabilities use, frequent, reside, work, lend volunteer assistance, receive education, training or services, recreate and congregate, regardless of designation.

3. If HDRC notifies ORI that HDRC has probable cause that there exists or may exist, abuse and neglect of any individual or individuals with disabilities at ORI, then HDRC representatives shall be provided access to the ORI facility when necessary to conduct a full investigation of the alleged abuse and neglect.

B.　**Access to Individuals with Disabilities at ORI.**

　　1.　HDRC shall have unannounced and unaccompanied access at reasonable times to any individual with a disability at ORI.

　　　　a.　"Unaccompanied", as it applies to access to individuals, means the opportunity to meet and communicate privately in person (whether through a scheduled appointment or unscheduled visit), or by telephone, fax, email, or other correspondence.

　　　　b.　"Privately", as it applies to access to individuals, shall be defined but not limited to, the ability of HDRC representatives to meet and talk with individuals, at their option, in ORI's conference room with the door closed if available, or any other location that does not maintain either physical proximity, or visual, or auditory contact with ORI personnel.

　　2.　HDRC will exercise its best judgment to respect the wishes of any individual with a disability who chooses not to interact, converse or consult with HDRC representatives.

　　3.　When HDRC notifies ORI that it has probable cause that there exists or may exist abuse and neglect of any individual or individuals with disabilities at ORI, then HDRC shall be provided with unaccompanied access to the facility at all times necessary to conduct a full investigation of the alleged abuse and neglect. HDRC shall be afforded the opportunity to interview any facility service recipient, employee, or other persons who may have knowledge of the incident under investigation, including the person thought to be the victim of the abuse or neglect.

C.　**Access to Records Maintained by ORI**

　　1.　**Release and Access of Files and Records with a Valid Consent.**

　　HDRC will provide written authorization to review records, when required by the provisions in the DD Act, 42 U.S.C. § 15001, *et seq.*

2

When releases or consents are necessary, they shall specify an expiration date no later than 90 days after the date of execution.

When an HDRC representative possesses a valid release or consent, signed by a client of HDRC, or the client's guardian, conservator or legal representative, ORI shall, pursuant to 42 U.S.C. § 15043(J)(i), provide the client's files and all other records of the client to HDRC representatives within three (3) business days of receiving HDRC's request and the valid release or consent.

HDRC will review records during ORI's regular business hours, which are Monday through Friday from 8:00 a.m. to 4:30 p.m., unless HDRC determines there exists "probable cause" to believe that any client's health and safety is in serious or immediate jeopardy, or in the case of the death of an individual, in which case HDRC is entitled to access within 24 hours.

2. **Access Without Written Consent.**

HDRC may access specific records at ORI without the written consent of:

a. Any person – including any person who cannot be located – to whom **all of the following conditions apply:**

   i. The individual, due to his or her mental or physical condition, is unable to authorize HDRC to have access to his or her records;

   ii. The individual does not have a legal guardian, conservator, or other legal representative, or the legal guardian of the individual is the State (or one of its political subdivisions); and

   iii. HDRC has received a complaint that the individual has been subject to abuse or neglect, or has determined that probable cause exists to believe that the individual has been subject to abuse or neglect.

3

    b.    Any person who is deceased, and for whom HDRC has received a complaint that the individual has been subject to abuse or neglect, or has determined that probable cause exists to believe that an individual has been subjected to abuse or neglect; or

    c.    Any person who has a legal guardian, conservator, or other legal representative with respect to whom a complaint has been received by HDRC, or with respect to whom HDRC has determined that probable cause exists to believe that the person has been subjected to abuse or neglect, whenever **all of the following conditions exist:**

        i.    HDRC has contacted the representative upon receipt of the representative's name and address;

        ii.    HDRC has offered assistance to the representative to resolve the situation; and

        iii.    The representative has failed or refused to act on behalf of the person.

3. **Time Frames for Access to Records**

HDRC shall have access to the requested records under this section no later than three (3) business days after HDRC makes such a request and presents a valid consent and authorization, unless HDRC determines that the health or safety of an individual is in serious and immediate jeopardy, or in the case of a death of an individual with a disability, in which case HDRC shall have immediate access to records not later than 24 hours after its request.

D.    **Other Access Provisions.**

    1.    Upon arrival at ORI, HDRC representatives shall present official identification and announce their arrival to available ORI management or supervisory staff.

    2.    HDRC shall make every effort to minimize interference with facility programs, respect individual privacy interest, and honor an individual's request to terminate an interview.

4

3. Upon the denial of any written or unwritten request for access to the ORI facility, individuals with disabilities, or records, ORI shall provide HDRC with a written statement specifying the reasons for the denial within three (3) business days of the denial.

Nothing in this Protocol shall otherwise constrain, limit, or restrict HDRC's access authority under federal and state protection and advocacy statutes.