45 C.F.R. § 1386.22

CODE OF FEDERAL REGULATIONS
TITLE 45--PUBLIC WELFARE
SUBTITLE B--REGULATIONS RELATING TO PUBLIC WELFARE
CHAPTER XIII--OFFICE OF HUMAN DEVELOPMENT SERVICES, DEPARTMENT OF HEALTH AND HUMAN SERVICES
SUBCHAPTER I--THE ADMINISTRATION ON DEVELOPMENTAL DISABILITIES, DEVELOPMENTAL DISABILITIES PROGRAM
PART 1386--FORMULA GRANT PROGRAMS
SUBPART B--STATE SYSTEM FOR PROTECTION AND ADVOCACY OF THE RIGHTS OF INDIVIDUALS WITH DEVELOPMENTAL DISABILITIES
Current through March 4, 2005; 70 FR 10825

§ 1386.22 Access to records, facilities and individuals with developmental disabilities.

(a) Access to records--A protection and advocacy (P&A) system shall have access to the records of any of the following individuals with developmental disabilities:

(1) An individual who is a client of the system, including any person who has requested assistance from the system, if authorized by that individual or their legal guardian, conservator or other legal representative.

(2) An individual, including an individual who has died or whose whereabouts is unknown, to whom all of the following conditions apply:

(i) The individual, due to his or her mental or physical condition is unable to authorize the system to have access;

(ii) The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and

(iii) With respect to whom a complaint has been received by the system or the system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse or neglect.

(3) An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system or with respect to whom the system has determined that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy, whenever all the following conditions exist:

(i) The system has made a good faith effort to contact the representative upon receipt of the representative's name and address;

(ii) The system has offered assistance to the representative to resolve the situation; and

(iii) The representative has failed or refused to act on behalf of the individual.

(b) Individual records to which P&A systems must have access under section 142(A)(2)(I) (whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or video or audio tape records) shall include, but shall not be limited to:

(1) Records prepared or received in the course of providing intake, assessment, evaluation, education, training and other supportive services, including medical records, financial records, and monitoring and other reports prepared or received by a member of the staff of a facility that is providing care or treatment;

**Exhibit "B"**

(2) Reports prepared by an agency charged with investigating incidents of abuse or neglect, injury or death occurring at a facility or while the individual with a developmental disability is under the care of a member of the staff of a facility, or by or for such facility, that describe any or all of the following:

(i) Abuse, neglect, injury, death;

(ii) The steps taken to investigate the incidents;

(iii) Reports and records, including personnel records, prepared or maintained by the facility in connection with such reports of incidents; or,

(iv) Supporting information that was relied upon in creating a report, including all information and records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings; and

(3) Discharge planning records.

(c) Information in the possession of a facility which must be available to P&A systems in investigating instances of abuse and neglect under section 142(a)(2)(B) (whether written or in another medium, draft or final, including hand written notes, electronic files, photographs or video or audio tape records) shall include, but not be limited to:

(1) Information in reports prepared by individuals and entities performing certification or licensure reviews, or by professional accreditation organizations, as well as related assessments prepared for a facility by its staff, contractors or related entities, except that nothing in this section is intended to preempt State law protection records produced by medical care evaluation or peer review committees.

(2) Information in professional, performance, building or other safety standards, demographic and statistical information relating to a facility.

(d) A system shall be permitted to inspect and copy information and records, subject to a reasonable charge to offset duplicating costs.

(e) The client's record is the property of the Protection and Advocacy System which must protect it from loss, damage, tampering, or use by unauthorized individuals. The Protection and Advocacy System must:

(1) Keep confidential all information contained in a client's records, which includes, but is not limited to, information contained in an automated data bank. This regulation does not limit access by parents or legal guardians of minors unless prohibited by State or Federal law, court order or the rules of attorney-client privilege;

(2) Have written policies governing access to, storage of, duplication of, and release of information from the client's record; and

(3) Be authorized to keep confidential the names and identity of individuals who report incidents of abuse and neglect and individuals who furnish information that forms the basis for a determination that probable cause exists.

(f) Access to Facilities and Individuals with Developmental Disabilities--A system shall have reasonable unaccompanied access to public and private facilities which provide services, supports, and other assistance for individuals with developmental disabilities in the State when necessary to conduct a full investigation of an incident of abuse or neglect under section 142(a)(2)(B) of the Act. This authority shall include the opportunity: to interview any facility service recipient, employee, or other person, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation; and to inspect, view and photograph all areas of the facility's premises that might be reasonably believed by the system to have been connected with the incident under investigation.

(g) Under section 142(a)(2)(H) of the Act, the system and all of its authorized agents shall have unaccompanied access to all residents of a facility at reasonable times, which at a minimum shall include normal working hours and visiting hours, for the purpose of:

(1) Providing information and training on, and referral to, programs addressing the needs of individuals with developmental disabilities, and the protection and advocacy services available from the system, including the name, address, and telephone number of the system and other information and training about individual rights; and

(2) Monitoring compliance with respect to the rights and safety of service recipients.

(h) Unaccompanied access to residents of a facility shall include the opportunity to meet and communicate privately with such individuals regularly, both formally and informally, by telephone, mail and in person.

(i) If a system is denied access to facilities and its programs, individuals with developmental disabilities, or records covered by the Act it shall be provided promptly with a written statement of reasons, including, in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities.

[61 FR 51158, Sept. 30, 1996]

<General Materials (GM) - References, Annotations, or Tables>

45 C. F. R. § 1386.22

END OF DOCUMENT