

CV 06-609 MK

**Susanna F. Cheung, M.Ed.**
Founder, President & CEO

September 20, 2006

Hawaii Disability Rights Center
Attn: Gary L. Smith
900 Fort Street Mall, Suite 1040
Honolulu, HI  96813

Re: **Request for Guardian Contact Information**

Dear Mr. Smith:

This responds to your letter dated September 13, 2006. We take very seriously your allegation that there has been a complaint of "abuse and neglect" at our facility, and would like to take steps to immediately address the matter and correct any perceived inadequacies in our operation. Despite our repeated requests for basic information regarding the nature of the complaint, however, to date, you have refused to provide us with any information to assist us in any manner.

In your letter dated September 1, 2006, you asked that we provide you with a complete list of the names and contact information for all ORI clients and their guardians. We are unclear why this information is necessary when we would assume that the complaint you claim to have received relates to a particular client and provided you with that client's identity. Indeed, 42 U.S.C. § 15043, which governs Protection and Advocacy ("P&A") Systems, only gives HDRC the authority to "investigate incidents of abuse and neglect of **individuals** with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." See 42 U.S.C. § 15043 (a)(2)(B). Moreover, 42 U.S.C. § 15043(a)(2)(I) specifically provides that a P&A System is entitled to the records of an **"individual"** when a complaint has been received related to the "status or treatment" of that **"individual"** or when, as a result of "monitoring", the P&A

**Exhibit "H"**

64-1510 Kamehameha Highway
Wahiawa, HI 96786
Phone: (808) 622-3929 Fax: (808) 621-8227
E-mail: helemano808@hawaii.rr.com



RECEIVED
SEP 2 1 2006
HAWAII DISABILITY RIGHTS CENTER

System determines that there exists "probable cause" to believe that an "**individual** has been subject to abuse or neglect." We read the statutes to require that you, at the very least, identify the particular individual for whom you seek records for, and to state the nature of the alleged complaint.

In an effort to cooperate with you and to address your September 1, 2006 request, we attempted to obtain the appropriate consents from the guardians of our clients so that we could release their information to you. We provided you with the information that we were authorized to disclose in a letter dated [September 8, 2006].

Your September 13, 2006 letter now contains additional vague but highly inflammatory accusations regarding an alleged conversation between an unidentified ORI staff member and an unidentified guardian. We deny that any guardian was ever "threatened with intimidating and misleading consequences" by any ORI staff member. If you have reason to believe otherwise, however, please provide us with the identity of the ORI staff member who allegedly "threatened" a guardian so that we can address the matter immediately.

Given the serious nature of any claim of "abuse and neglect", we would appreciate your cooperation so that we can resolve and address any outstanding issues. At this time, however, we cannot simply provide you with information that we are not authorized to disclose.

Very truly yours,

Susanna F. Cheung
President and CEO
Opportunities for the Retarded, Inc.