IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAI`I DISABILITY RIGHTS CENTER, | ) | CIVIL NO. 06-00605 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for the Retarded, Inc., and OPPORTUNITIES FOR THE RETARDED, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

The Court heard Plaintiff's Motion for Preliminary Injunction on January 22, 2007.  Louis Erteschik, Esq., and Matthew C. Bassett, Esq., appeared at the hearing on behalf of Plaintiff; John T. Komeiji, Esq., and Karen Y. Arikawa, Esq., appeared at the hearing on behalf of Defendants.  After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motion for Preliminary Injunction.

## BACKGROUND

The DD Act, 42 U.S.C. § 15001, *et seq.*, established the Protection and Advocacy ("P&A") System to investigate and remedy abuse and neglect of individuals with developmental disabilities and mental illness. The P&A System is a nationwide network of disability rights agencies. Plaintiff Hawai`i Disability Rights Center ("HDRC") has been designated as the P&A System for persons with disabilities in the State of Hawai`i. In order to protect the rights of individuals with disabilities to be free from abuse and neglect, HDRC has authority to access records of individuals with disabilities and to conduct investigations into the facilities that serve them. 42 U.S.C. § 15043(a)(2); 45 C.F.R. § 1386.22.

Defendant Opportunities for the Retarded, Inc. ("ORI") is a provider of adult day programs, and educational, residential, and vocational services to individuals with developmental disabilities and/or mental retardation and/or mental illness.

On or about August 24, 2006, HDRC allegedly received a complaint that ORI clients were being subjected to system-wide and individual abuse and neglect. Allegations included mismanagement of client funds, theft, fraud, misapplication of medications, verbal abuse of clients, and concealment of records and files of clients from HDRC's regular monitoring activities.

On or about August 28, 2006, HDRC informed ORI that it received a complaint, and requested to review the individual records of each client presently served by ORI, including residents and adult day program participants. ORI denied HDRC's requests to access specific records and did not provide the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients. HDRC sent several other letters informing ORI of its alleged obligations under the DD Act and requesting the names and contact information of guardians of clients serviced by ORI. ORI provided information for some of its clients, but has not provided HDRC with all of the necessary information for HDRC to contact all of the legal guardians, conservators, or other legal representatives of ORI clients.

On November 9, 2006, HDRC filed its motion for preliminary injunction. HDRC alleges that it is entitled to an order requiring Defendants ORI and Susanna F. Cheung to immediately provide Plaintiff with the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, pursuant to HDRC's authority under 45 C.F.R. § 1386.22(i). Defendants filed their opposition on January 4, 2007, an Amended Memorandum in opposition on January 5, 2007, and Plaintiff filed its reply brief on January 11, 2007.

On or about August 28, 2006, HDRC informed ORI that it received a complaint, and requested to review the individual records of each client presently served by ORI, including residents and adult day program participants. ORI denied HDRC's requests to access specific records and did not provide the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients. HDRC sent several other letters informing ORI of its alleged obligations under the DD Act and requesting the names and contact information of guardians of clients serviced by ORI. ORI provided information for some of its clients, but has not provided HDRC with all of the necessary information for HDRC to contact all of the legal guardians, conservators, or other legal representatives of ORI clients.

On November 9, 2006, HDRC filed its motion for preliminary injunction. HDRC alleges that it is entitled to an order requiring Defendants ORI and Susanna F. Cheung to immediately provide Plaintiff with the names and addresses of legal guardians, conservators, or other legal representatives of ORI clients, pursuant to HDRC's authority under 45 C.F.R. § 1386.22(i). Defendants filed their opposition on January 4, 2007, an Amended Memorandum in opposition on January 5, 2007, and Plaintiff filed its reply brief on January 11, 2007.

## STANDARD OF REVIEW

In order to obtain a preliminary injunction, the moving party must demonstrate either "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in [the plaintiff's] favor." Am. Tunaboat Ass'n v. Brown, 67 F.3d 1404, 1411 (9th Cir. 1995) (brackets in original); see Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004). These two formulas are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Oakland Tribune, Inc. v. Chronicle Pub Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985) (citations omitted). "Under any formulation of the test, [however,] the plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.

"In issuing an injunction, the court must balance the equities between the parties and give due regard to the public interest." High Sierra Hikers Ass'n v. Blackwell, 390 F.3d 630, 642 (9th Cir. 2004). It is within the court's discretion to grant or deny a motion for preliminary injunction. Oakland Tribune, Inc., 762 F.2d at 1376.

## **DISCUSSION**

The DD Act regulations provide that:

> (a) Access to records – A protection and advocacy (P&A) system shall have access to the records of any of the following individuals with developmental disabilities:
> . . .
> (3) An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system . . . whenever all of the following conditions exist:
> (i) The system has made a good faith effort to contact the representative upon receipt of the representative's name and address;
> (ii) The system has offered assistance to the representative to resolve the situation; and
> (iii) The representative has failed or refused to act on behalf of the individual.

45 C.F.R. § 1386.22(a)(3).

HDRC argues that pursuant to this section, it is entitled to an injunction requiring Defendants to provide it with names of guardians. HDRC, however, has failed to establish that it will suffer irreparable harm if the injunction is not issued. This is because there is an alternative avenue to obtain the names of the guardians -- through the typical route of engaging in discovery by propounding interrogatories and/or taking a deposition. There is no evidence that engaging in discovery would cause any undue delay because HDRC can seek expedited discovery. Expedited discovery appears to be possible in this case since HDRC is

only seeking the guardians' names and contact information, some of which HDRC acknowledges it has already received.

Moreover, requiring HDRC to follow the proper route of engaging in discovery, rather than issuing an injunction, will not increase the possibility that other entities like ORI will simply object to providing such information in the future thereby requiring HDRC to file suit, as argued by HDRC at the hearing, because HDRC has to file suit to obtain such names when an entity refuses to provide them, regardless of whether HDRC eventually obtains the names through discovery or an injunction.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2007.



_____
David Alan Ezra
United States District Judge

Hawai`i Disability Rights Center vs. Susanna F. Cheung, et al., Civil No. 06-00605 DAE-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION