IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| HAWAI`I DISABILITY RIGHTS CENTER, | ) ) | CIVIL NO. 06-00605 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUSANNA F. CHEUNG, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff Hawai`i Disability Rights Center's ("Plaintiff") Motion to Compel ("Motion"), filed May 24, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the supporting and opposing memoranda, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

### BACKGROUND

On November 9, 2006, Plaintiff commenced the instant action, which arises out of the alleged violation, by Defendants Susanna F. Cheung ("Cheung"), in her capacity as President and Chief Executive Officer of Opportunities for the Retarded, Inc. and Opportunities for the Retarded, Inc. ("ORI") (collectively

"Defendants"), of the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act").  In particular, Plaintiff claims that Defendants refused to provide it with the names and addresses of the legal guardians, conservators, or other legal representatives of Defendants' current clients, which Plaintiff seeks in order to investigate alleged abuse and neglect.

Plaintiff now moves for an order compelling Defendants to respond to one question (No. 2) of its first request for answers to interrogatories ("RAI").  Plaintiff served Defendants with RAI and on March 27, 2007.  Interrogatory No. 2 asks Defendants to "list the name and address of the legal guardian, conservator, or other legal representative of every individual with developmental disabilities for whom you state that you 'are not able to release information for clients and/or guardians for whom [you] do not have valid consents.'"  [Mem. in Supp. of Mot. at 3 (alteration in original).]  On April 26, 2007, Defendants responded to Interrogatory No. 2 by objecting that 1) "legal guardian, conservator, or other legal representative" is vague and ambiguous; 2) the information sought is protected by the privacy rights of third persons; and 3) the information sought is not relevant or reasonably calculated to the discovery of admissible evidence.  Defendants also provided the names of four public guardians and Cheung.  Plaintiffs seek to compel a full response.

According to Plaintiff, the Code of Federal Regulations provides that a protection and advocacy system ("P & A") such as itself shall have access to records of certain individuals with developmental disabilities, including those with legal guardians, conservators or other legal representatives.  In response to Defendants' first objection, Plaintiff asserts that Defendants are not substantially justified given that 45 C.F.R. § 1386.19 provides definitions for legal guardian, conservator and legal representative.

Plaintiff also disputes Defendants' second objection by contending that 1) Defendants fail to identify any authority protecting the information as private; 2) 45 C.F.R. § 1386.22[1]

---

[1]

A protection and advocacy (P&A) system shall have access to the records of any of the following individuals with developmental disabilities . . . .

. . . .

(3) An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system or with respect to whom the system has determined that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy, whenever all the following conditions exist:

(I) The system has made a good faith effort to contact the representative upon receipt of the representative's name and address;

does not require the consent of legal guardians, conservators, or
legal representatives before Plaintiff is entitled to obtain the
names and addresses of the same; it is entitled to the
information notwithstanding a lack of consent; and 3) any
reliance by Defendants on Hawai'i authority is misplaced, as 45
C.F.R. § 1386.21[2] mandates that state law must not diminish the
authority of the P & A.  Lastly, Plaintiff argues that the
information sought is clearly and absolutely relevant to the
singular goal of its lawsuit - to obtain the names and addresses
of the legal guardians, conservators, and other legal
representatives.  In addition to its request for the Court to
compel Defendants to fully respond to Interrogatory No. 2,
Plaintiff seeks attorneys' fees and costs associated with this
Motion.

---

> (ii) The system has offered assistance
> to the representative to resolve the
> situation; and
>
> (iii) The representative has failed or
> refused to act on behalf of the
> individual.

45 C.F.R. § 1386.22(a)(3).

    [2] "A Protection and Advocacy System may exercise its
authority under State law where the authority exceeds the
authority required by the Developmental Disabilities Assistance
and Bill of Rights Act, as amended. However, State law must not
diminish the required authority of the Protection and Advocacy
System."  45 C.F.R. § 1386.21(f).

On June 18, 2007, Defendants filed an Opposition,[3] asserting that their clients' guardians, conservators and legal representatives have privacy interests in preventing the disclosure of their identity.  Citing Hawai'i cases, Defendants proffer that the information sought is "highly personal and intimate" and that the Hawai'i Constitution protects "medical, financial, educational, or employment records."  Defendants assert that Plaintiff has not provided justification for overcoming these interests.  Moreover, the interrogatory is overbroad because Plaintiff only vaguely describes the "complaint" giving rise to the demand for identity information as to all of their clients.  Defendants contend that Plaintiff's investigation is based on the testimony of a single "complainant" and as such, Plaintiff cannot reasonably claim that its investigation should encompass all of Defendants' clients.

Relatedly, Defendants argue that Plaintiff is not entitled to the records of all persons with developmental disabilities because obtaining such records of non-clients requires a determination of probable cause.  Defendants claim that the cases permitting access to the names of representatives are limited to circumstances where the agency has probable cause

---

[3]  Defendants dedicated a significant portion of their Opposition to a lack of subject matter jurisdiction argument. These issues are not properly before this Court in a motion to compel and will not be addressed.

to believe the clients have been subjected to abuse or neglect. According to Defendants, Plaintiff does not have probable cause.

Defendants lastly assert that a government inspector who performs an administrative search must have a warrant to search a commercial building.  Assuming then that Defendants' facilities are subject to warrantless searches, Defendants maintain that their clients and their clients' representative are protected against abusive actions by Plaintiff.  Further, Defendants argue that Plaintiff should not be permitted to seek information in the absence of substantial justification and that the Court should impose a requirement that Plaintiff show probable cause for the information sought.

Plaintiff filed a Reply on June 25, 2007.  Plaintiff notes that Defendants attempt to obfuscate the issue that is the subject of this Motion by arguing about Plaintiff's right to access records when Plaintiff does not seek to access any records.  In addition, Plaintiff disputes Defendants' contention that the information sought is protected under the Hawai'i Constitution.  Plaintiff cites the Hawai'i Uniform Probate code for the proposition that guardians appointed for incapacitated persons must file initial and annual reports with the court, so their identities are not private information.

With respect to Defendants' assertion that Plaintiff has failed to show that it has probable cause to believe that

6

abuse or neglect has occurred at Defendants' facilities,
Plaintiff clarifies that 42 U.S.C. § 15043(a)(2)(I)(iii) allows
it to access records of individuals with developmental
disabilities who have representatives, either when it 1) receives
a complaint regarding the individual's treatment or status <u>or</u> 2)
has probable cause to believe that the individual has been
subject to neglect or abuse.  Plaintiff claims that it received a
complaint alleging abuse and neglect of clients at Defendants'
facilities.

Responding to Defendants' last argument that they have
constitutional rights regarding searches and seizure, Plaintiff
argues that it does not seek to search or seize Defendants'
property.  It seeks only the names and addresses of
representatives, the disclosure of which Defendants have no
constitutional right to protect.  To the extent that the
representatives have a privacy interest in their names and
addresses, however, Plaintiffs propose that the Court can remedy
the issue with a protective order.

**<u>STANDARD</u>**

Federal Rule of Civil Procedure 26 specifically
provides: "[p]arties may obtain discovery regarding any matter,
not privileged, that is relevant to the claim or defense of any
party . . . . [or] reasonably calculated to lead to the discovery
of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevancy,

for purposes of Rule 26(b), is a broad concept that is construed liberally.  Amendments to the rule in 2000, however, were "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26 advisory committee's notes; <u>see</u> <u>also</u> <u>Elvig v. Calvin</u> <u>Presbyterian Church</u>, 375 F.3d 951, 967-68 (9th Cir. 2004); <u>Sallis v. Univ. of Minn.</u>, 408 F.3d 470, 477 (8th Cir. 2005). "Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" <u>Elvig</u>, 375 F.3d at 968.

        In the event a party fails to respond to interrogatories, the party who served the discovery request may file a motion to compel.  Fed. R. Civ. P. 37(a)(2)(B).[4]  An incomplete or evasive answer is deemed a failure to answer.  <u>See</u>

---

    [4] Rule 37 provides in relevant part:

        If . . . a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. . . .

Fed. R. Civ. P. 37(a)(2)(B).

id. 37(a)(3).  The motion to compel must include a meet-and-confer certification that the parties attempted in good faith to resolve the issue without court action.  See id. 37(a)(2)(B); see also Local Rule 37.1(a), (b).

In the instant case, it is clear that the names and addresses of legal guardians, conservators, and legal representatives are directly related to Plaintiff's claim. Moreover, statutory authority exists that requires Defendants to provide this information.  Section 15043 of Title 42 of the U.S. Code provides in relevant part:

> a system to protect and advocate the rights of individuals with developmental disabilities . . . . shall--
>
> . . . .
>
> > (B) have the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities if the **incidents are reported to the system or if there is probable cause to believe that the incidents occurred** . . . .
> >
> > . . . .
>
> (I) have access to all records of--
>
> > (I) any individual with a developmental disability who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access;
> >
> > . . . .
> >
> > (iii) any individual with a

developmental disability, in a situation
in which--

    (I) the individual has a legal
    guardian, conservator, or other
    legal representative;

    (II) **a complaint has been received
    by the system about the individual
    with regard to the status or
    treatment of the individual <u>or</u>, as
    a result of monitoring or other
    activities, there is probable cause
    to believe that such individual has
    been subject to abuse or neglect**;

    (III) such representative has been
    contacted by such system, **upon
    receipt of the name and address of
    such representative**;

    (IV) such system has offered
    assistance to such representative
    to resolve the situation; and

    (V) such representative has failed
    or refused to act on behalf of the
    individual;

(J)(I) have access to the records of
individuals described in subparagraphs (B)
and (I), and other records that are relevant
to conducting an investigation, under the
circumstances described in those
subparagraphs, not later than 3 business days
after the system makes a written request for
the records involved; and

    (ii) have immediate access, not later
    than 24 hours after the system makes
    such a request, to the records without
    consent from another party, in a
    situation in which services, supports,
    and other assistance are provided to an
    individual with a developmental
    disability–

(I) if the system determines there
is probable cause to believe that
the health or safety of the
individual is in serious and
immediate jeopardy; or

(II) in any case of death of an
individual with a developmental
disability;

42 U.S.C. § 15043 (emphases added).

Congress intended a P & A system to be able to
obtain the names and contact information for the .
. . guardians of [individuals].  By conditioning
access on the consent of an individual or, if the
individual cannot consent, his or her legal
guardian or representative, the Acts require that
P & A systems contact the guardians of individuals
with disabilities or mental illness if they have
the requisite prior cause to believe that abuse or
neglect is occurring at the facility.

Conn. Office of Prot. and Advocacy For Persons With Disabilities

v. Hartford Bd. of Educ., 464 F.3d 229, 244-45 (2d Cir. 2006)

(concluding that the DD Act authorizes P & As to obtain the names

of individuals and the contact information for their guardians).

Significant to the inquiry is whether the P & A

received a complaint or has probable cause to believe that an

individual has been subject to abuse or neglect.  The probable

cause standard is lower than that required in the context of a

criminal investigation.  Conn. Office of Prot. and Advocacy For

Persons With Disabilities v. Hartford Bd. of Educ., 355 F. Supp.

2d 649, 661 (D. Conn. 2005) (citing Ala. Disabilities Advocacy

Program v. J. S. Tarwater Developmental Ctr., 97 F.3d 492, 498-

99 (11th Cir. 1996)).  In addition, the P & A "is the final

11

arbiter of probable cause for these purposes." Id. (citations omitted).

Here, Plaintiff received a complaint in August 2006 concerning the alleged abuse and neglect of clients at ORI. Defendants nevertheless request that the Court require Plaintiff to establish probable cause for the information sought. However, the foregoing authority establishes that a P & A shall have access to records if it receives a complaint or has probable cause in order for certain information to be made available to a P & A. Plaintiff is thus entitled to obtain the names and addresses of legal guardians, conservators, and legal representatives from Defendants so that it may conduct its investigation. Recognizing Defendants' privacy concerns, however, the Court will require the entry of a protective order, to be submitted by the parties. This Court therefore GRANTS Plaintiff's Motion subject to a protective order and ORDERS Defendants to respond to Plaintiff's Interrogatory No. 2 and provide a complete list of the names and addresses requested therein by August 17, 2007.

Plaintiff also seeks its attorneys' fees and costs associated with this Motion. Rule 37 provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or

12

> both of them to pay to the moving party the
> reasonable expenses incurred in making the motion,
> including attorney's fees, unless the court finds
> that the motion was filed without the movant's
> first making a good faith effort to obtain the
> disclosure or discovery without court action, or
> that the opposing party's nondisclosure, response,
> or objection was substantially justified, or that
> other circumstances make an award of expenses
> unjust.

See Fed. R. Civ. P. 37(a)(4)(A).  In this case, Defendants withheld discoverable information.  Per the discussion above, the law requires Defendants to provide names and addresses.  It seems unlikely that they genuinely misinterpreted the applicable law to preclude the information sought.  The Court finds that Defendants were substantially justified in their failure to fully respond to Interrogatory No. 2, Plaintiff's request for attorneys' fees and costs associated with the instant Motion is DENIED.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion subject to a protective order and ORDERS Defendants to respond to Plaintiff's Interrogatory No. 2 and provide a complete list of the names and addresses requested therein by August 17, 2007.  The Court further ORDERS the parties to meet and confer regarding the protective order and submit a stipulated protective order no later than August 3, 2007.

The Court DENIES Plaintiff's request for attorneys' fees and costs.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 13, 2007.



                    /S/ Leslie E. Kobayashi
                    Leslie E. Kobayashi
                    United States Magistrate Judge

**HAWAI`I DISABILITY RIGHTS CENTER V. SUSANNA CHEUNG, ET AL; CIVIL NO. 06-00605 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**