IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAI'I DISABILITY RIGHTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUSANNA F. CHEUNG, in her ) <br> capacity as President and Chief ) <br> Executive Officer of Opportunities ) <br> for the Retarded, Inc.; and ) <br> OPPORTUNITIES FOR THE ) <br> RETARDED, INC., a Hawai'i ) <br> corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 06-00605 DAE-BMK |

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Defendants' Susanna F. Cheung and Opportunities for the Retarded, Inc.'s Motion for Reconsideration and the supporting memoranda, the Court DENIES Defendants' Motion.

BACKGROUND

On July 13, 2007, Magistrate Judge Leslie E. Kobayashi ("Magistrate Judge") issued an Order Granting in Part and Denying in Park Plaintiff's Motion to Compel, ordering Defendants to respond to Plaintiff's discovery requests no later

than August 17, 2007.  On July 18, 2007, Defendants filed a motion to dismiss the entire complaint for lack of subject matter jurisdiction, which the Court is scheduled to hear on September 24, 2007.  On August 7, 2007, the Magistrate Judge issued a protective order to control the use, release, and dissemination of the information that Defendants are compelled to turn over to Plaintiff.  That information includes "the names and addresses of all legal guardians, conservators, and legal representatives of all persons with disabilities currently residing at Defendants' facilities and all persons with disabilities to whom Defendants provide day program services," per Plaintiff's request in interrogatory #2.  Pursuant to that protective order, Plaintiff is required to maintain the confidentiality of Defendants' answers to the propounded interrogatories and to prevent the release of the information to any persons or entities (1) not involved in the litigation or (2) not otherwise entitled to learn of it in the course of Plaintiff fulfilling its obligations under law.

       On August 16, 2007, the Court denied Defendants' Motion for Order Staying Enforcement of Magistrate's Order Compelling Discovery ("Order Denying Stay") on the ground that the "Protective Order essentially negated the sole issue [], that is, that Defendants should not have to reveal the information requested for confidentiality purposes."  Consequently, Defendants were unable to

prove irreparable harm that would result upon the release of the information requested. On August 27, 2007, Defendants filed a Motion for Reconsideration, seeking reconsideration of the Court's Order Denying Stay on the ground that the Court did not have jurisdiction to make that decision.

## STANDARD OF REVIEW

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Defendants seek relief pursuant to Local Rule 60.1(c) and Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct the errors to prevent manifest injustice. See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (noting that reconsideration motions may be granted when there is a need to correct a manifest error to prevent manifest injustice); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same);

Donaldson, 947 F. Supp. at 430 (interpreting identical language in a prior local rule regarding manifest errors). Rule 60(b)(6) allows relief from orders based on any "reason justifying relief from operation of judgment," so long as that reason involves "extraordinary circumstances." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

DISCUSSION

Defendants argue that the Court improperly denied their request for a stay of the Magistrate Judge's order compelling discovery because the Court's subject matter jurisdiction still is in dispute. The Court is scheduled to hear Defendants' motion to dismiss for lack of subject matter jurisdiction on September

24, 2007.  Until jurisdiction is resolved, Defendants argue that the Court may not consider or resolve any issues "going to the merits."

The Court agrees that jurisdiction generally is resolved as a threshold matter in any case before determining any issues going to the merits.  See, e.g., Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998); In re Madison Guar. Sav. & Loan Ass'n, 173 F.3d 866, 869-70 (D.C. Cir. 1999) (citing Steel Co., 523 U.S. 83); Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).  A decision to grant or to deny a stay of a motion to compel, however, does not go to the merits of the matter.  Rather, that decision resolves a non-dispositive issue only.

Fed. R. Civ. P. 72 divides pretrial matters before a Magistrate Judge into two categories:  those that are "dispositive of a claim or defense" and those that are nondispositive.  A Magistrate Judge may hear and determine nondispositive matters, but he or she may only make findings and recommendations to the district court on dispositive matters.  See Fed. R. Civ. P. 72(a) and (b).  28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may hear and decide any pretrial matter except for certain enumerated matters that are considered dispositive, including motions for injunctive relief, motions for summary judgment, and motions to dismiss.  See also Boskoff, 217 F. Supp. 2d at

1084.  Motions also may be dispositive when they involve a determination of the merits of a case; they do not involve collateral matters; or they are critical in shaping the litigation.  See id.; see also Kiep v. Turner, 80 B.R. 521, 523-24 (D. Haw. 1987) (finding that an order denying withdrawal of a reference was not dispositive because it had no bearing on the merits of the claims or on the parties); United States v. Bennett, Crim. No. 06-00068, 2006 WL 2793170, at *1 (D. Haw. 2006) (determining that a motion to disqualify counsel was a nondispositive matter).  Furthermore, Black's Law Dictionary defines a "dispositive" matter as "a deciding factor . . . bringing about a final determination."  Black's Law Dictionary 505 (8th ed. 2004).

      Courts tend to find that matters relating to discovery and discovery violations are nondispositive.  See, e.g., Perry v. Village of Arlington Heights, No., 94 C 0058, 1996 WL 41209, at *1 (N.D. Ill. 1996) (referring a motion for contempt to the magistrate judge because it was nondispositive); United States v. 40.81 Acres of Land, More or Less, 505 F. Supp. 151, 153 (E.D. Pa. 1981) ("A discovery order entered by a Magistrate may be reversed only upon a finding that the decision was clearly erroneous or contrary to law," which is the standard to appeal a pretrial, nondispositive matter under Fed. R. Civ. P. 72).  That said, if a motion relating to discovery or discovery abuses somehow has the identical effect

of providing finality to a claim or defense, the Court would not be averse to finding otherwise, depending on the facts and circumstances of the case.  This is not such a case, however.  A typical motion to compel documents in discovery, such as that present in this case, does not involve a final determination of a claim being litigated; thus, it is not a dispositive matter.  Consequently, because the Court did not determine a dispositive matter going to the merits before determining jurisdiction, the Court did not commit a manifest error of law.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants' Motion for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 3, 2007.



_____
David Alan Ezra
United States District Judge

Hawaii Disability Rights vs. Susanna F. Cheung, et al., Civil o. 06-00605 DAE-BMK; ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION