IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

HAWAI`I DISABILITY RIGHTS          )     CIVIL NO. 06-00605 DAE-LEK
CENTER,                            )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
SUSANNA F. CHEUNG, ET AL.,         )
                                   )
          Defendants.              )
_____   )


**ORDER DENYING PLAINTIFF'S MOTION FOR
SANCTIONS AND AWARD OF ATTORNEYS' FEES AND COSTS**

     Before the Court is Plaintiff Hawai`i Disability Rights

Center's ("Plaintiff") Motion for Sanctions and Award of

Attorneys' Fees and Costs ("Motion for Sanctions"), filed on

August 23, 2007.  Defendants Opportunities for the Retarded, Inc.

("ORI") and Susanna F. Cheung, in her capacity as President and

Chief Executive Officer of ORI (collectively "Defendants") filed

their memorandum in opposition on September 11, 2007 and

Plaintiff filed its reply on September 14, 2007.[1]  The Court

finds this matter suitable for disposition without a hearing

pursuant to Rule LR7.2(d) of the Local Rules of Practice of the

United States District Court for the District of Hawai`i ("Local

---

[1] The Court notes that Defendants filed a surreply on
September 19, 2007.  Insofar as Defendants did not obtain leave
of court to file the surreply, the Court will not consider it.
See Local Rule LR7.4 (allowing for an opposition and a reply to a
motion and stating that "[n]o further or supplemental briefing
shall be submitted without leave of court").

Rules"). After careful consideration of the Motion for Sanctions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Sanctions is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

## BACKGROUND

Plaintiff, a designated protection and advocacy system ("P & A") agency, is charged with protecting the civil rights of people with developmental disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act") and other P & A statutes. The instant case arises from Plaintiff's attempts to investigate reports of the abuse and neglect of ORI's clients. On November 9, 2006, Plaintiff commenced the instant action in order to compel Defendants to release client information in connection with Plaintiff's investigation.

Plaintiff filed a Motion to Compel on May 24, 2007, seeking an order compelling Defendants to give a full response to Interrogatory No. 2 of Plaintiff's first request for answers to interrogatories ("RAI"). Interrogatory No. 2 asks Defendants to "list the name and address of the legal guardian, conservator, or other legal representative of every individual with developmental disabilities for whom you state that you 'are not able to release information for clients and/or guardians for whom [you] do not have valid consents.'" [Mem. in Supp. of Motion to Compel at 3

2

(alteration in original).]

On July 13, 2007, this Court issued an order granting the Motion to Compel in part and denying it in part ("Discovery Order"). This Court ordered Defendants to provide the names and addresses of legal guardians, conservators, and legal representatives of ORI clients to Plaintiff, subject to a protective order. This Court ordered Defendants to provide Plaintiff with a complete list by August 17, 2007.

On July 24, 2007, Defendants filed an appeal of this Court's Discovery Order and, on July 26, 2007, Plaintiff filed a cross-appeal, challenging this Court's denial of its request for attorney's fees. Both the appeal and the cross-appeal are still pending before the district judge.

On July 26, 2007, Defendants filed a motion to stay the enforcement of the Discovery Order ("Motion to Stay"). On August 16, 2007, the district judge issued an order denying the Motion to Stay. Defendants filed a Motion for Reconsideration on August 27, 2007. The district judge denied the Motion for Reconsideration on September 4, 2007.

In the instant Motion for Sanctions, Plaintiff states that, as of the filing of the Motion for Sanctions, Defendants had not complied with the Discovery Order. Pursuant to Federal Rule of Civil Procedure 37(b)(2), Plaintiff asks the Court to sanction Defendants by: 1) entering an order prohibiting

Defendants from opposing Plaintiff's claim that Defendants'
refusal to provide the requested information constitutes a
violation of the DD Act and of the parties' settlement agreement
in another case; 2) treating Defendants' noncompliance as a
contempt of court; and 3) requiring Defendants to pay Plaintiff's
reasonable expenses incurred in connection with the Motion for
Sanctions.

      In their memorandum in opposition, Defendants state
that they responded to Interrogatory No. 2 on September 11, 2007
and they argue that sanctions are not appropriate in this case.
Defendants argue that the sanction of issue preclusion is not
appropriate because Defendants were waiting for the district
judge to rule on the Motion for Reconsideration and Plaintiff
only suffered a brief delay before it received the responses.
Defendants contend that any prejudice Plaintiff suffered from the
brief delay does not create the type of extreme circumstances
which warrant issue preclusion.  Defendants also argue that a
contempt sanction is inappropriate because they have responded to
Interrogatory No. 2 and Plaintiff has not identified any loss
that it suffered which a contempt sanction could compensate it
for.  Finally, Defendants argue that their failure to comply with
the Discovery Order was substantially justified because they made
timely objections to the Discovery Order and because they were
pursuing reconsideration of the district judge's denial of the

4

Motion for Stay.

In her reply, Plaintiff first argues that the Court should not consider Defendants' memorandum in opposition because it was untimely. Defendants' memo was due by Sunday, September 9, 2007. Thus, Defendants were required to file their memorandum by Friday, September 7, 2007. See Local Rule LR7.4, LR6.1. Plaintiff states that it only had three days to prepare its reply and argues that it was substantially prejudiced thereby.

Plaintiff argues that Defendants still have not complied with the Discovery Order because: 1) Defendants' counsel, rather than Defendants, signed the amended responses to the RAI; 2) Plaintiff believes the responses are still incomplete because, although ORI has approximately seventy clients, Defendants only disclosed seventeen names and addresses; 3) the response includes the names of some attorneys instead of the guardians, conservators, or other legal representatives of ORI's clients; and 4) the responses do not identify which designated attorneys correspond to which guardian, conservator, or legal representative. Plaintiff argues that, without the names of the actual client or the guardian, conservator, or legal representative, any contact with the designated attorneys would be fruitless.

Plaintiff also argues that sanctions are appropriate because Defendants' responses were given in bad faith. Plaintiff

attached letters dated September 5 and 7, 2007 from Defendant
Cheung to various government officials stating that she did not
intend to comply with the Discovery Order and that she was
prepared to go to jail if this Court sanctioned Defendants for
their non-compliance.  Plaintiff further argues that Defendants
had no legal grounds to ignore the Discovery Order simply because
they filed a motion to reconsider the denial of the Motion to
Stay.

Plaintiff argues that Defendants have improperly relied
on the standard for terminating sanctions.  Plaintiff contends
that sanctions under Rule 37(b)(2)(B) do not require willful
conduct and, even if they did, Defendants have willfully violated
the Discovery Order.  Plaintiff also argues that a sanction of a
civil contempt order is also appropriate because Defendants still
have not complied with the Discovery Order.  Further, Plaintiff
has been prejudiced by Defendants' failure to comply because it
has prevented Plaintiff from conducting its investigation.

## DISCUSSION

As an initial matter, this Court notes that the Local
Rules require the moving party's counsel to meet-and-confer with
opposing counsel prior to filing a motion for Rule 37 sanctions.
See Local Rule LR37.1(a) ("The court will not entertain any
motion pursuant to Fed. R. Civ. P. 26 through 37 . . . unless
counsel have previously conferred, either in person or by

telephone, concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion . . . ."). The moving party must certify compliance with the meet-and-confer rule. See Local Rule LR37.1(b). The instant Motion for Sanctions does not include such certification. The Motion for Sanctions only makes a passing reference to Plaintiff's attempts to meet and confer with Defendants prior to filing the Motion to Compel. [Mem. in Supp. of Motion for Sanctions at 5 ("Defendants first refused to fully respond to HDRC's interrogatories, then refused to respond to HDRC's subsequent good faith attempts to confer about and resolve the discovery dispute . . . .").] Despite this past history, Plaintiff's counsel was still required to attempt to meet and confer with Defendants' counsel before filing the Motion for Sanctions or certify that such an attempt would have been futile. Plaintiff's reply includes a meet-and-confer letter dated September 7, 2007, but it addresses Plaintiff's objections to Defendants' notice of Plaintiff's deposition. [Exh. D to Reply.] The letter mentions Defendants' failure to comply with the Discovery Order, but it does not attempt to resolve that issue. This Court therefore need not consider Plaintiff's Motion for Sanctions because Plaintiff did not comply with the meet-and-confer requirement.

In this Court's view, the parties should be able to

work together to resolve the instant matter.  This is a simple discovery dispute and the Court has already ruled upon it. Although they did not do so by August 17, 2007, Defendants have served their amended answers to Plaintiff's RAI.  While there are still some outstanding issues, such as the certification of the amended answers and Plaintiff's belief that there is further discoverable information which Defendants have not disclosed, the parties should be able to resolve these issues without resort to further motions practice.  Tensions between the parties, however, have drastically blown matters out of proportion.  In short, this is an example of making a tempest out of a teapot.  The parties are both part of an important network charged with the protection of people with developmental disabilities.  Sadly, their energies are being misdirected in engaging one another in protracted disputes.  This Court therefore finds that it is inappropriate to consider sanctions at this time.

<u>CONCLUSION</u>

On the basis of the foregoing, Plaintiff's Motion for Sanctions and Award of Attorneys' Fees and Costs, filed on August 23, 2007, is HEREBY DENIED WITHOUT PREJUDICE.  The Court ORDERS the parties to appear at a discovery conference on **October 16, 2007 at 9:00 a.m.**, at which time the Court will assist the parties in their attempt to resolve any outstanding issues regarding Defendants' compliance with this Court's

Discovery Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 26, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HAWAI`I DISABILITY RIGHTS CENTER V. SUSANNA F. CHEUNG, ETC., ET AL.;** CIVIL NO. 06-00605 DAE ORDER